## DAVIS' SONS v. COCHRAN ET AL.

1. **Evidence:** LOST RECEIPT: EFFECT OF SECONDARY EVIDENCE. Where a written receipt made by plaintiffs to defendants became material as evidence, but defendants testified that it had been lost, an instruction to the effect that "all questions and disputes as to the language of the written receipt are to be taken strongly against defendants and the claim made by them as to the language and construction of the same," was rightly refused, in the absence of any evidence of bad faith or fault on the part of the defendants in suppressing the receipt.

2. ——: PAROL TO VARY WRITING: RULE NOT APPLICABLE. The rule that parol testimony is not admissible to vary the terms of a written contract does not apply to evidence that a contract was to be made, but which does not refer to the terms of the contract.

3. **Verdict:** EVIDENCE TO SUPPORT ON APPEAL. A verdict will not be disturbed on appeal for want of evidence, when the evidence is conflicting.

*Appeal from Buena Vista District Court.*

MONDAY, MARCH 14.

ACTION upon a promissory note. There was a judgment upon a verdict for defendants. Plaintiffs appeal.

*M. Wakefield,* for appellants.

*Robinson & Milchrist,* for appellees.

BECK, J.—I. The only defense pleaded to the action is to the effect that the note in suit, with other notes held by plaintiffs against the defendants, were settled by defendant Cochran giving other notes, with security, and turning over to plaintiffs two notes of other parties; and that, pursuant to this settlement, plaintiffs agreed to surrender and release the note in suit.

II. The evidence shows that, when the settlement was made, plaintiffs retained the note in suit, giving a paper or receipt to defendant pertaining to it. Plaintiffs claimed that, under this instrument, the note was to be given up and canceled if they secured the possession of two notes which were held by another

1. EVIDENCE: lost receipt: effect of secondary evidence.

party, and for which defendant gave an order. Defendant insisted that there was no condition as to the surrender of the note, and that the agreement to do so was retained by plaintiffs to aid them in some other transaction or suit, and, when so used, it was given up to defendant.

The defendants testified that the receipt was lost, and could not be found, and therefore was permitted to state its contents. The plaintiffs asked an instruction directing the jury, among other matters, that "all questions and disputes as to the language of the written receipt are to be taken strongly against defendants, and the claim made by them as to its language and construction of the same." This instruction was rightly refused. The loss of the writing having been established, the law authorized evidence of its contents, to the end that the real contract of the parties might be known. It throws no discredit upon defendant's evidence, nor does it raise presumptions against the merits of his claim as to the contents of the writing, thus fettering the defendant's defense in order to defeat the truth. If the defendant wrongfully, fraudulently, or purposely withheld the writing, the rule of the instructions would be correct. Upon this ground the plaintiffs insist that it ought to have been given. But there is not a particle of evidence tending to show that defendants withheld or suppressed the paper, or that it was lost through their fault. Its loss is shown without any evidence tending to show fraud or fault on the part of the defendant. There was, therefore, no evidence to which the instruction was applicable.

III. The plaintiffs asked the court to give the following instruction to the jury: "(2) If the jury believe from the evidence that, at the time the witness Smith and defendant were at the house of witness Holmes, it was then and there agreed between the witness Smith and the defendant that witness Smith was to execute a receipt in writing to defendant, expressing the condition and reason why said Smith was not to surrender the

2. ——: parol to vary writing: rule not applicable.

possession of the note in suit, and you further find from the evidence that said Smith did execute a writing to said defendant, stating the terms and conditions on which said Smith retained possession of said note, and the defendant accepted said instrument, then you are instructed as a matter of law that you must not consider the testimony of the witness Holmes, the law presuming that all prior parol and verbal agreements were merged in the writing so executed by witness Smith."

Smith was the attorney of the plaintiffs, who made the settlement between the parties, and signed the lost receipt, the contents of which were shown by defendant's evidence. It was signed after the parties returned from the house of Holmes to defendant's house. The thought of the instruction is that, as Holmes testified to a contract made at his house, it was not competent to contradict or vary the contract set out in the receipt, for the reason that the law will presume that it was superseded or merged into the contract finally expressed in the receipt. The rule of law here recognized is, of course, correct, but we think it is not applicable to exclude Holmes' evidence. He testified that he was a justice of the peace, and the defendant and his wife came to his house to acknowledge the mortgages to plaintiffs. They were accompanied by Smith. The witness understood that plaintiff and defendant had a settlement, and that some notes were to be given up, and others to be taken secured by the mortgages; that one note was to be returned by Smith after the conclusion of a suit; and that the witness suggested that defendant take a receipt for it, and Smith said he would give it if defendant would do some trifling matter not connected with the business. The witness then says "that was the way the matter was left." After this statement he testifies to no agreement whatever between the parties, but expressly states that he did not understand or remember certain terms or conditions called to his attention. His evidence cannot be regarded as showing the terms or conditions

of any contract. His evidence, which we have above referred to, may be understood as showing that there was an agreement to be expressed on the receipt to be afterwards given, but certainly not its conditions or terms. There is not one word in his testimony which tends to show the terms of a contract. The instruction, therefore, was rightly refused. It may be that some parts of his evidence were objectionable, but no part was upon the ground set out in the instruction. But the record fails to show that any objections were made to the evidence when it was introduced. We can consider none except the one raised by the instruction asked by plaintiffs.

IV. It is insisted that the verdict should have been set aside by the court below, for the reason that it is not suffi-
3. VERDICT: evidence to support on appeal. ciently supported by the evidence. All that can be said on this point is that the evidence is conflicting. We cannot, therefore, disturb the verdict.

We have considered all questions presented in this case.

AFFIRMED.