## DE RUE v. McINTOSH.

The right to serve and file an amended answer within 20 days after service of the original, as of course, under Code Civ. Proc. § 149, was not waived by moving the court for leave to file such pleading.

The sufficiency of an amended answer is not properly before the court on a motion for leave to file it.

A parole contemporaneous agreement which was the inducing cause of a written contract, or forming a part of the consideration therefor, or upon the faith of which the written contract was exe-cuted, is admissible.

Civ. Code, § 1239, providing that the execution of a contract in writing supersedes all oral negotiations, does not preclude defendant

from showing in defense to an action for the price of drilling an artesian well that at the time of making the written contract he owned a large tract of land used as a stock ranch, upon which he kept a large number of horses and cattle; that his sole object in having the well was to water such stock, which plaintiff knew; that plaintiff represented that he would construct a well sufficient for that purpose, and that relying upon such representation defendant entered into the written contract; and that such well was insufficient for the purpose intended.

Under Civ. Code, § 1256, providing that a contract may be explained by reference to the circumstances under which made, and the matter to which relating, defendant, in an action for the price of drilling a flowing well, can show, to explain what was meant by the term "flowing well," that he was the owner of a stock ranch upon which he kept a large amount of live stock; that his sole object in having the well was to water such stock, which plaintiff knew; that plaintiff represented that he would construct a well sufficient for that purpose, and that relying on such representation defendant entered into the contract, and that the well was insufficient for the purpose intended.

Smith and McCoy, JJ., dissenting.

(Opinion filed, July 1, 1910.)

Appeal from Circuit Court, Aurora County. Hon. FRANK B. SMITH, Judge.

Action by Albert V. De Rue against R. L. McIntosh. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

*Fellows & Fellows,* for appellant. *Preston & Hannett,* for respondent.

CORSON, J. This is an appeal by the defendant from a judgment entered upon a verdict of a jury in favor of the plaintiff, and from the order denying a new trial. The action was instituted by the plaintiff to recover of the defendant the sum of $500 upon a contract entered into between the defendant, McIntosh, as party of the first part, and the plaintiff, De Rue, as party of the second part, the material parts of which are as follows: "That the party of the first part agrees to have the party of the second part drill him a flowing well on the N. W. ¼ Sec. 26-105-65, Aurora county, S. D., on the terms and conditions: First. Said well shall be cased with not less than 2-inch standard casing at top and 1¼-inch at the bottom and drilled to artesian flow, if

possible, granitical formations excepted. Second. All necessary material, including gasoline, casing, etc., used in the construction of said well shall be furnished by the party of the second part, at his expense and free from any expense to the party of the first part. * * * In consideration of the faithful performance of the above obligations, the party of the first part agrees to pay to the party of the second part the sum of five hundred dollars for the completion of said well." It is alleged by the plaintiff in his complaint "that under and by virtue of the terms of said agreement this plaintiff did drill for the defendant a flowing well, on the real estate mentioned and described in the said agreement, and did case the said well with standard casing, in the manner contemplated in said contract, and this plaintiff duly done and performed each and all of the conditions of said agreement on his part to be performed." The defendant in his answer admitted the making of the contract, and that he had not paid the plaintiff for the same, and denies each and every other allegation in the plaintiff's complaint contained. And "defendant specifically denies that the plaintiff did drill and case a flowing well for the defendant under and in accordance with the terms of said contract; and denies that the plaintiff has ever performed on his part any of the conditions of said contract by him to be performed." The defendant for a further answer alleges "that the plaintiff commenced and attempted and pretended to drill a well for the defendant on defendant's said land; that plaintiff abandoned said well before the completion thereof, and did not attempt to complete the same; * * * that the work which plaintiff did perform in attempting and pretending to drill said well was so negligently, carelessly and unskillfully done that the same was and is of no value whatever to the defendant; that plaintiff abandoned said well before he had drilled the same to the artesian flow, and failed, neglected, and refused to drill the same to said artesian flow, although it was and is possible to drill a well to said artesian flow on defendant's land; that plaintiff failed to secure a flowing artesian well; and that said well as drilled and left by plaintiff is without value and utterly useless to defendant."

Prior to the trial the defendant served an amended answer, which was returned by plaintiff, and thereupon the defendant moved the court for leave to file such answer, which was denied by the court on the ground, as appears from the order of the court denying the same, "that in the opinion of the court the allegations and matters contained in said amended answer not contained in the original answer of the defendant, to-wit, the sixth paragraph of said amended answer, constitute no defense in this case, and do not state facts sufficient to constitute a defense to plaintiff's action." The sixth paragraph of the amended answer sought to be filed is as follows: "That at the time of the making of the contract for the construction of said well the defendant was the owner of a large tract of land, upon which said well was to be drilled and constructed, and that said tract of land was used and designed to be used as a stock ranch, whereon the defendant kept and intended to keep a large number of cattle and horses, and that the sole object and purpose of drilling and constructing said well was to procure a flowing well to furnish sufficient water for said stock, all of which was well known to the plaintiff. That the plaintiff knew of the purpose for which the defendant desired said well, and represented to the defendant that he could and would construct a well that would flow and furnish sufficient water for the purpose for which the defendant desired to use the same. That for the purposes above stated, and relying upon the statements and representations of the plaintiff that he could and would drill and construct a well sufficient for the purposes for which the defendant desired the same, the defendant made and entered into said contract with the plaintiff. That the sole and only purpose for which the defendant desired said well was to furnish flowing water for the stock he was then keeping and desired to keep on said premises where the said well was to be drilled, as the plaintiff well knew. * * *"

It is contended by the appellant that the court erred in denying defendant's motion for leave to amend his answer. The proposed amended answer was served upon the counsel for the plaintiff within 20 days after the original answer had been served. Section 149, Code Civ. Proce., provides: "Any pleading may be

once amended by the party of course, without costs, and without prejudice to the proceedings already had, at any time within twenty days after it is served, or at any time before the period for answering it expires; or it can be so amended at any time within twenty days after the service of the answer or demurrer to such pleading, unless it be made to appear to the court that it was done for the purpose of delay, and the plaintiff or defendant will thereby lose the benefit of a term for which the cause is or may be noticed. * * *" It will be seen that by the express provisions of that section the defendant was authorized to serve an amended answer within 20 days subject to certain conditions. It would seem, therefore, that the defendant had the legal right to serve and file an amended answer in the case, and that by making the motion to the court for leave to so file it he did not waive his legal right, and we are of the opinion that the court, therefore, erred in denying the defendant's motion. The sufficiency of the defendant's amended answer as a pleading was not properly before the court on the motion. Its sufficiency was a matter to be determined upon a demurrer to the same in case it should be questioned by the plaintiff. But assuming that the court could properly pass upon the sufficiency of the answer upon a motion for leave to file the same, we are of the opinion that the amended answer did state facts sufficient to constitute a defense to the action. It will be observed that the contract in this case provides that the plaintiff shall drill a flowing well on the terms and conditions specified, and drill and sink same to an artesian flow, if possible, granitical formations excepted. The amount of water that should be discharged from such well is not provided for in the contract. In the amended answer it is alleged that at the time of making the contract for the construction of said well the defendant was the owner of a large tract of land upon which said well was to be drilled, and that the said tract of land was used and designed to be used as a stock ranch whereon the defendant kept and intended to keep a large number of cattle and horses, and that the sole object and purpose of drilling and constructing said well was to procure a flowing well to furnish sufficient water for said stock, all of which was well known to the plaintiff; that the plain-

tiff knew of the purpose for which the defendant desired said well, and represented to the defendant that he could and would construct a well that would flow and furnish sufficient water for the purposes for which the defendant desired to use the same; that for the purposes above stated, and relying upon the statements and representations of the plaintiff that he could and would drill and construct a well sufficient for the purpose for which the defendant desiderd the same, the defendant made and entered into contract with the plaintiff.

It is contended by the respondent that under the provisions of section 1239 of the Civil Code which provides, "The execution of a contract in writing, whether the law required it to be written or. not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument," the facts set out in the amended answer were inadmissible on the ground that they would vary or contradict the terms of a written contract. This provision of our Code embodies the common-law rule upon the subject of written contracts, and while "the execution of a contract in writing, whether the law requires it to be written or not, supersedes all of the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument," nevertheless, as contended by the appellant, there are exceptions to the rule. And one of the exceptions seems to be that agreements or representations made prior to the written contract under which the party was induced to sign the contract may be shown; in other words, where the parol contemporaneous agreement was the inducing and moving cause of the written contract, or where the parol agreement forms part of the consideration for a written contract, and where he executed the written contract upon the faith of the parol contract or representations, such evidence is admissible. Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512; Thomas v. Loose, 114 Pa. 35, 6 Atl. 326; Dicken v. Morgan, 54 Iowa, 684, 7 N. W. 145; Cullmans v. Lindsay, 114 Pa. 166, 6 Atl 332; Barnett v. Pratt, 37 Neb. 352, 55 N. W. 1050; Ayer v. R. W. Bell Mfg. Co., 147 Mass. 46, 16 N. E. 754; Davis v. Cochran, 71 Iowa, 369, 32 N. W. 445; 9 Ency. Evid. 350; Ferguson v. Rafferty, 128 Pa. 337, 18 Atl. 484,

6 L. R. A. 33; Hines v. Willcox, 96 Tenn. 148, 33 S. W. 914, 34 L. R. A. 824, 832, 54 Am. St. Rep. 823; Walker v. France, 112 Pa. 203, 5 Atl. 208. In Walker v. France, supra, the Supreme Court of Pennsylvania, in discussing this subject, says: "That a. written agreement may be modified, explained, reformed or altogether set aside by parol evidence of an oral promise or undertaking material to the subject-matter of the contract made by one of the parties at the time of the execution of the writing, and which induced the other party to put his name to it, must now be regarded as a principle of law so well settled as to preclude discussion."

In Chapin v. Dobson, supra, the Court of Appeals of New. York held: "The rule prohibiting the reception of parol evidence to vary or modify a written instrument does not apply where the original contract was verbal and entire, and a part only was reduced to writing." Such, in fact was the case at bar as appears by the allegations of the amended answer. That portion of the plaintiff's agreement to drill a well that would provide a sufficient flow of water to supply plaintiff's stock, and which was the inducing cause of the contract, was omitted therefrom. We are of the opinion, also, that the motion to allow service of the amended answer should have been granted for the reason that section 1256 of the Civil Code provides: "A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." The contract in this case simply provides for a flowing well but fails to, in any manner, specify the amount of water to be discharged from said well. For the purpose of understanding what the term "flowing well" was intended to mean in the contract it was clearly proper for the defendant to allege and prove the representations of the plaintiff, and the circumstances under which the contract was made, and the matter to which it related for the purpose of explaining what was meant by the term "flowing well." The term "flowing well" is vague, ambiguous, and indefinite. What might be regarded, as a flowing well drilled and constructed for the purposes of supplying a family, and which would discharge water enough for such use would clearly not be a flowing well within the meaning of the

parties in the case at bar where the object of the defendant, and which was known to the plaintiff, was to secure a supply of water sufficient for a large band of cattle and horses running upon his ranch, and it was perfectly proper and necessary for the defendant to bring before the jury all the circumstances connected with the transaction for the purpose of informing them as to the meaning of the term "flowing well" as used in the contract, and clearly where the plaintiff understood fully the purposes for which the well was to be drilled, his representations that he would complete a well that would produce sufficient water to supply such cattle and horses was admissible in this case. Such evidence did not contradict or vary the terms of a written contract, but served to bring before the jury the nature and character of the well that he was to complete by the terms of the contract. By the ruling of the court, therefore, in denying the appellant's motion for leave to amend his answer, the court necessarily excluded all the evidence tending to prove the representations of the plaintiff, and the circumstances connected with the subject-matter. The materiality of the amendment was shown subsequently on the trial when the defendant sought to prove under his answer, the circumstances connected with the subject-matter and the representations and agreement made by the plaintiff as to the quantity of the flow of water that he was to furnish by the well when completed, which was excluded. And under the instructions of the court the jury were left entirely without any information as to the circumstances under which the contract was made and the nature of the well to be drilled, and the amount of water which was to flow therefrom. The court in its charge to the jury seemed to take the view that any flow of water from the well was a compliance with the contract, and the jury evidently took the same view in finding a verdict for the plaintiff, as it was clearly shown by the proof that the supply of water flowing from the well was entirely inadequate for the purposes for which the well was drilled by the plaintiff. The defendant was further denied the privilege of showing that he subsequently caused a well to be drilled upon the same premises

which did afford a sufficient supply of water for his stock, and thereby showing, in effect, that the plaintiff, had he drilled the well to the proper depth, could have furnished ample water for the defendant's use. We are of the opinion, therefore, that the court erred in denying the appellant's motion for leave to file his amended answer which, as we have seen, was admissible for the purposes of showing all the circumstances under which the contract was made, and the matter to which it related. In any view of the case, therefore, whether the answer was to be considered as setting up a contemporaneous oral agreement, or as setting up the circumstances surrounding the transaction, it was clearly admissible, and the denial of the court of the defendant's motion constituted prejudicial error for which the defendant is entitled to a new trial.

The judgment of the circuit court and order denying a new trial are reversed.

SMITH and McCOY, JJ., dissenting.