## FARMERS' & MERCHANTS' STATE BANK OF PLANKINTON, Respondent, v. WOLF et al, Appellants.

### (191 N. W. 451.)

(File No. 4994. Opinion filed December 30, 1922.)

**Evidence—Bills and Notes—Assumpsit—Money Had and Received—Oral Testimony of Collateral Transaction Leading to Execution of Note Admissible in Action Thereon.**

Oral testimony of collateral transactions leading to the execution of a note is admissible in an action thereon, notwithstanding Rev. Code 1919, Sec. 860, providing that the execution of a written contract supersedes all oral negotiations or stipulations concerning the matter which preceded or accompanied the execution of the instrument. Proof that two notes, given separately to bank by defendants in equal sums at same time and payable in short time, were to be replaced by joint note of both parties, held admissible in action for money had and received

by bank against both defendants for total amount of loan jointly made to them.

Gates, P. J., concurring in result.

Appeal from Circuit Court, Aurora County; Hon. Frank B. Smith, Judge.

Action by the Farmers' & Merchants' State Bank of Plankinton against Theodore Wolf and another. From a judgment in favor of plaintiff, the named defendant appeals. Affirmed.

*D. K. Barrett,* of Plankinton, and *Spangler & Wire,* of Mitchell, for Appellant.

*R. C. Bakewell,* of Plankinton, for Respondent.

Appellant cited: Rev. Code 1919, Sec. 860.

Respondent cited: Jewett v. Sunback, 5 S. D. 111, 58 N. W. 20; Roberts v. First National Bank, 8 N. D. 474, 79 N. W. 993; Reynolds v. Magness (1841), 24 N. C. (2 Ired L.) 26; Wheeler v. Schilder (Ia.), 167 N. W. 534; Robinson v. Oregon, etc., Railway Company (Ore.), 176 Pac. 594; Luckie v. Diamond Coal Company (Cal.), 183 Pac. 178; Slinkard v. Lamb Construction Company (Mo.), 212 S. W. 61; DePue v. McIntosh, 26 S. D. 42, 127 N. W. 532; Sioux Remedy Co. v. Lindgren, 130 N. W. 154, 27 S. D. 123; Walker v. France, 112 Pa. 203, 5 Atl. 208; Chapin v. Dobson, 78 N. Y. 74; Dicken v. Morgan, 54 Ia. 684, 7 N. W. 145; Barnett v. Pratt, 37 Neb. 349, 55 N. W. 1050; Ayer v. R. W. Bell Mfg. Co. (Mass.), 16 N. E. 754; Jannsen v. Mueller (S. D.), 162 N. W. 393, 38 S. D. 611; Taylor v. White River Valley Railroad Co. (S. D.), 132 N. W. 152, 27 S. D. 528; Kimm v. Wolters (S. D.), 133 N. W. 277, 28 S. D. 255; Jones Commentaries on Evidence, Sec. 439, Vol. 3, page 178; Rev. Code 1919, Sec. 877; L. R. A. 1916A, 603; Pray v. Rhodes (Minn.) 43 N. W. 838; Paul v. Rider, 58 N. H. 119; Farwell v. Ensign (Mich.), 33 N. W. 734; Sweet v. McAllister, 86 Mass. 353; Smith v. Morrill, 54 Me. 48; Kealing v. Van Sickle, 74 Ind. 529; 39 Am. Rep. 101; Branch Bank at Mobile v. Coleman, 20 Ala. 140; McPherson v. Weston (Cal.), 24 Pac. 783; Strickland v. Johnson (N. M.), 157 Pac. 142; S. H. Kress & Co. v. Evans (Ariz.), 189 Pac. 625; McDonald v. Supple (Ore.), 190 Pac. 315; Rosholt v. Woulph (S. D.), 167 N. W. 158, 40 S. D. 269.

POLLEY, J. Action for money had and received. Plaintiff had judgment, and defendant Wolf appeals.

.On the 15th day of November, 1919, the defendants each executed and delivered to the plaintiff bank a promissory note in the sum of $2,200, payable on the 31st day of December, 1919, and each received credit for that amount of money at the bank. The notes were not paid at maturity, and the plaintiff, disregarding said notes, brought this action against the defendants jointly for the recovery of the whole amount. Defendant Barton defaulted, but Wolf answered, claiming that:

"Each of the said notes represented an individual loan, and that each created an individual liability."

At the trial the court, over Wolf's objection, permitted plaintiff to prove that just prior to the execution of the said notes defendants were desirous of purchasing 400 head of sheep for the sum of $4,400; that they applied to plaintiff for a loan of that sum of money; that the bank was willing to loan them the money, but that Barton was already indebted to the bank to a considerable amount; that because of a regulation of the state banking department the bank could not loan to any one person more than $5,500; that $4,400 added to the amount Barton already owed would exceed $5,500, and for that reason the loan could not be made; that it was expected, however, that a considerable amount of Barton's indebtedness would be paid in a very short time, and it was suggested by the cashier of the bank that each of the defendants give a note for $2,200 to run for a short time, and that when the expected payment was made on Barton's indebtedness defendants could give their joint note for $4,400 to run for a longer time; that this suggestion was acted upon, and, in addition to giving the two individual notes, each of the defendants gave plaintiff a chattel mortgage on 200 head of sheep. The sheep were then purchased. Each of the defendants individually paid one-half the purchase price. The sheep, however, were purchased in one lot and taken to a farm owned by Wolf, but occupied by Barton as a tenant, where they were cared for and managed in one lot, and, so far as appears from the evidence, have never been segregated.

Shortly after the maturity of the notes plaintiff called on defendants for a joint note for $4,400 in accordance with the previous arrangement. Wolf refused to execute a joint note, and now contends that the court violated the provisions of section 860, Code 1919, in receiving evidence to show that the agreement

was other than it appeared to be from the face of the notes. Section 860 reads as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

We do not believe this section was intended to exclude evidence of the terms of a transaction that resulted in the execution of a promissory note. In fact, there is no better settled principle of law than that such collateral transactions may be shown by parol. Such an agreement does not alter the original agreement, nor does it render the notes due at a dfferent date. Were the situation in this case reversed, and plaintiff had commenced suit on each of the notes at their apparent maturity, defendants would have been permitted to show that, while it appeared on the face of the notes that they were due and payable on the 31st day of December, 1919, that in fact the defendants had the right, pursuant to a collateral oral agreement, to give another note or notes payable at a later date. This in effect may have been merely an oral agreement for a extension of time for the payment of the indebtedness. There was no error in the admission of this evidence.

Appellant excepted to a number of the instructions to the jury, but such exceptions are all based on the theory that evidence of the transactions leading up to the execution of the notes was incompetent, and are disposed of by what is said relative to the competency of such evidence.

The judgment and order appealed from are affirmed.

GATES, P. J., concurs in result.

Note—Reported in 191 N. W. 451. See American Key-Numbered Digest, Evidence, Key-No. 441(11), 22 C. J. Secs. 1662, 1669, 10 R. C. L. 1048 et seq.