CULLEN, Respondent, v. SPOTTS et al, Appellants.

(198 N. W. 708.)

(File No. 5428.    Opinion filed May 15, 1924.)

**Evidence—Pleadings—Demurrer—Leases—Pleading of Oral Agreement Varying Lease Held Demurrable, Proof of Same Being Inadmissible.**

> In an action on rent note, counterclaim alleging failure of water supply and subsequent damage, and an oral agreement that the land would be kept supplied with sufficient water, but containing no allegation of fraud or mistake, or that the oral promise induced execution of the lease, held demurrable; evidence of such parol agreement being inadmissible under Rev. Code 1919, Sec. 860.

·Appeal from Circuit Court, Lyman County; HON. JOHN G. BARTINE, Judge.

Action by Edward P. Cullen against Roy Spotts and A. L. Freelove. From order sustaining demurrer to counterclaim, defendants appeal.    Order affirmed.

*Brown & Brown,* of Chamberlain, for Appellants.

*M. Q. Sharpe,* of Kennebec, for Respondent.

Appellant cited:  De Rue v. McIntosh, 127 N. W. 352, 26 S. D. 42; Taylor v. White River Valley Ry. Co., 132 N. W. 152, 27 S. D. 528; Sioux Remedy Co. v. Lindgren, 130 N. W. 49, 27 S. D. 123; Independent Harvester Co. v. Anderson, 186 N. W. 112; Farmer and Merchants Bank v. Wolf, 46 S. D. 162, 191 N. W. 451.

Respondent cited:  Gandy v. Weckerly, 69 Atl. 858, 18 L. R. A. (N. S.) 434; 22 C. J. Sec. 1569.

GATES, J.  This is an action upon a promissory note given by defendant Spotts, tenant, to plaintiff, landlord, for rent of land.  Defendant Freelove signed the note as surety.  By way of counterclaim defendants allege the making of a written lease which is set forth; the then existence of a sufficient supply of water, the same being supplied from an artesian well on adjoining land; the failure of such water supply; the demand upon, and refusal by, plaintiff to furnish a suitable water supply; that defendant tenant has been obliged to haul water from a distance of several miles, to his damage in the sum of $1,600.  A further failure of water supply is alleged because of the burning of the

house and upon its being rebuilt plaintiff did not provide eaves troughs for the purpose of conducting water to the cistern. The counterclaim further alleges:

"That a part of the consideration for the execution of said lease and of the note given in payment of rent due thereunder was an oral agreement made at the time between the plaintiff and the defendant Roy Spotts; that said land was supplied and would be kept supplied with sufficient water for domestic purposes during the term of the lease."

Plaintiff demurred to the counterclaim upon the ground that it did not state facts sufficient to constitute a defense, answer, or counterclaim. The trial court sustained the demurrer. Defendants appeal.

Appellants say:

"The sole question presented by this appeal is whether parol evidence is admissible to establish a material part of the consideration for a contract."

Appellants further say:

"This court in the case of De Rue v. McIntosh, 26 S. D. 42, 127 N. W. 532, has definitely committed itself to the proposition that where 'the parol contemporaneous agreement forms part of the consideration for a written contract, evidence thereof is admissible.' This rule so definitely established in the De Rue case has been cited with approval and confirmed in Taylor v. White River Valley Ry. Co., 27 S. D. 528, 132 N. W. 152; Sioux Remedy Co. v. Lindgren, 27 S. D. 123, 130 N. W. 49; Independent Harvester Co. v. Anderson, 45 S. D. 60, 186 N. W. 112.

"The rule has also been applied within the last six months, although without citation of or reference to the De Rue case, in Farmers' & Merchants' State Bank of Plankinton v. Wolf, 46 S. D. 162, 191 N. W. 451."

Respondent invokes the rule found in Rev. Code 1919, § 860, viz:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

That rule is elaborated and explained in 22 C. J. 1171, § 1569, as follows:

"Where the statement in a written instrument as to the con-sideration is more than a mere statement of fact or acknowledg-ment of payment of a money consideration, and is of a contract-ual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the considera-tion for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence. For the same reason, where the writing is complete upon its face, an ad-ditional executory consideration cannot be shown by parol, or as it is sometimes expressed, new terms cannot be ingrafted into an agreement by parol under the guise of varying the consideration."

The quotation by appellants from De Rue v. McIntosh, supra, is not accurate, in that it is incomplete. The full quota-tion bearing on this subject is as follows:

"And one of the exceptions seems to be that agreements or representations made prior to the written contract under which the party was induced to sign the contract may be shown; in other words, where the parol contemporaneous agreement was the in-ducing and moving cause of the written contract, or where the parol agreement forms part of the consideration for a written contract, and where he executed the written contract upon the faith of the parol contract or representations, such evidence is admissible."

In the present case it is not alleged that the lease was entered into through fraud or mistake, nor is it alleged that the oral promise induced appellant tenant to execute the lease, nor that he executed it upon the faith of the oral promise. Taylor v. White River Valley Ry. Co., supra, has no possible application to the case before us. In Sioux Remedy Co. v. Lindgren, supra, the holding that parol evidence was admissible to vary the terms of the contract was because of the provisions of statute, now section 870, Rev. Code 1919, relating to fraud, mistake, and accident. In-dependent Harvester Co. v. Anderson, supra, was a case where the written contract was indefinite and uncertain as to a portion

of the consideration and would come under the provisions of present section 877, Rev. Code 1919. Farmers' & Merchants' Bank v. Wolf, supra, was a case where the contract was a promissory note and the recital of consideration was merely a formal recital of a consideration, instead of a contractual stipulation of consideration, as in the case at bar. That case came within the exception alluded to in the first part of the above quotation from 22 C. J.

The present case, in our opinion, comes squarely under the operation of the provision of section 860, Rev. Code 1919, as explained in 22 C. J. 1171, supra, and the trial court ruled correctly in holding that insufficient facts were alleged to constitute a counterclaim.

The order appealed from is affirmed.

Note.—Reported in 198 N. W. 708. See, Headnote, American Key-Numbered Digest, Evidence, Key-No. 441(4), 22 C. J. Sec. 1569.

On general rule that parol evidence not admissible to vary, add to, or alter a written instrument, see note in 17 L. R. A. 270.

On Rev. Code 1919, Sec. 860, see annotations Kerr's Cyc. Codes, 1920, Civ. Code, Sec. 1625.