## KLOEK, Respondent, v. BARBER, Appellant.

### (198 N. W. 709.)

(File No. 5245.   Opinion filed May 15, 1924.)

**Set-Off and Counterclaim—Principal and Agent—Purchaser of Cattle Held Not Entitled to Set-Off Against Claim of Seller for Debt Due from Commission Company.**

In an action on a check given in payment for cattle pur-chased through a commission company, defendant held not en-titled, on the theory of undisclosed principal, to set off a debt due him by the commission company for a previous shipment.

Appeal from Circuit Court, Beadle County; Hon Alva E. Taylor, Judge.

Action by Henry Kloek, doing business under the trade name and style of Hefner Bros. & Kloek, against R. C. Barber,. Judg-ment for plaintiff, and defendant appeals.   Affirmed.

*Haney, McCoy & McCoy,* of Huron, for Appellant.

*Gardner & Churchill,* of Huron, for Appellant.

Appellant cited:   Union School Furniture Co. v. Mason, 3 S. D. 147; Pioneer Press Co. v. Gossage, 13 S. D. 624; Baxter v. Sherman (Minn.), 76 N. W. 211; Wright v. Cabot, 89 N. Y. 571; McLachin v. Brett (N. Y.), 12 N. E. 17; Stephens v. Kyle (W. Va.), 24 S. E. 886; Frazer v. Poindexter (Ark.), 95 S. W. 464.

Respondent cited:   Rev. Code 1919, Sec. 1273.; 2 C. J. 877.

DILLON, J.   This is an action by plaintiff to recover $1,643.38 on a check dated September 19, 1920, drawn on the Broadland State Bank, payable to the order of Hefner Bros. & Kloek.   This check was given by the defendant to pay for cattle pudchased by him at Sioux City for shipment to himself at Broad-land, this state.   Defendant directed Ward Commission Company to buy certain cattle for him on the Sioux City market.   A car-

load of cattle was purchased, and then the defendant and Ward Commission Company checked over these cattle to determine whether a sufficient number and weight had been bought, and, if found insufficient, the defendant requested Ward Commission Company to buy more cattle to complete this shipment. The parties then checked over the invoices showing that the cattle were sold to Barber through Hefner Bros. & Kloek. Barber left the check involved in this suit as payment. This check was not filled in completely, the amount being uncertain because a few cattle were yet to be purchased and the purchase price added in (the check). The bills for the purchased cattle were all paid for by the plaintiff's checks and all shipped to Barber under the shipping contract signed by Hefner Bros. & Kloek. It appears from Barber's own testimony that when he gave the check he intended to pay it. On July 6, 1920, defendant shipped a carload of cattle from Broadland, this state, to Ward Commission Company, of the value of about $1,300. The cattle reached Sioux City, and were sold by the Ward Commission Company, and said company failed to account to Barber for such July shipment. It is the contention of appellant that he is entitled to a set-off against plaintiff's claim for the amount due him from the proceeds of cattle sold in July, 1920, because Ward Commission Company was an undisclosed principal.

Respondent's contention is that no set-off can be allowed, and that the transaction was one direct with appellant. Respondent's contention must be sustained. The rule in reference to rights when dealing with an undisclosed principal has no application under the facts in this case.

Appellant knew that Ward Commission Company did not own the cattle, but that they were being bought from the owners for the appellant, and that Ward Commission Company were acting as agents of appellants. This is clearly shown from all of the transactions and by the bills which defendant went over with Ward at the time they checked over the cattle and when the defendant executed the check. Moreover, it was understood that when appellant gave the check he was to pay the full price of the cattle. He did not then contend that he was entitled to any set-off on account of the July shipment. Appellant then knew that

Ward Commission Company had become insolvent and that the July claim was worthless.

The plaintiff paid for the nine invoices of cattle so shipped, and paid the men who bought them for their services. The shipping contract was at once mailed to the defendant, and disclosed on its face that the shipment was made not by Ward Commission Company, but by the respondent in this action, and is conclusive proof of the respondent's right to recovery on the check.

It is clear that there are no issuable questions of fact in this case upon which reasonable men could reach any other conclusion than that reflected by the court's direction of a verdict in favor of the respondent.

The judgment appealed from is affirmed.

POLLEY, J., concurs in affirming the judgment appealed from.

Note.—Reported in 198 N. W. 708. See, Headnote, American Key-Numbered Digest, Set-off and counterclaim, Key-No. 41; Recoupment, Set-off and Counterclaim, 34 Cyc. 716.