[File No. 6000.]

DICK ALLGOOD, Respondent, v. NATIONAL LIFE INSURANCE COMPANY, a Corporation, Appellant.

(240 N. W. 874.)

Opinion filed February 1, 1932.   Rehearing denied February 18, 1932.

*Charles M. Pollock* (*George B. Young* of counsel) for appellant.

*Charles G. Bangert,* for respondent.

BURKE, J.   During the farming season of 1930, the plaintiff leased from the defendant certain lands in Ransom county, North Dakota, by written contract, under which he agreed "to sow and plant said

land in such crops as the owner shall direct, viz.: 50 acres Corn at $2 per acre, 40 acres Pasture at $1 per acre on account of big slough, 20 acres Pasture at $1.50 per acre, 30 acres Flax, 40 acres Oats, 30 acres Durum, 120 acres of quack land to be plowed this fall and kept black until time to seed flax. Owner agrees to pay fifty cents per acre for each operation after inspection has been made by representative of Company." The contract relating to the duties of the tenant (the plaintiff) continues: "Management of Farm—To furnish, at his own cost and expense, except as herein otherwise specifically provided, all proper and convenient tools, teams, utensils, farm implements, machinery, seed, and twine to carry on and cultivate said farm and harvest the crops thereon during said season."

During the trial and over the objection of the defendant, the plaintiff was permitted to prove that in addition to the fifty cents per acre the defendant was to pay for each operation for plowing, discing and harrowing, he was also to furnish the gasoline.

At the close of the plaintiff's case, the defendant moved to strike out the evidence and for a dismissal of the action, which motion was denied. After the evidence was all in, appellant renewed the motion, which was overruled and after the defendant rested he moved the court to direct a verdict in favor of the National Life Insurance Company upon its claim for the gasoline and oil used by Dick Allgood, which was also denied.

There is but one question involved in the case and that is, does the parol testimony vary and change the terms of the written contract. It is conceded by both parties that if it does, then it was error to admit it.

If it does then as a matter of course under § 5889 Compiled Laws of 1913, the parol testimony was not admissible. Section 5889 reads as follows: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument." It has been held that this statute is not a rule of evidence but is positive substantive law. Harding v. Robinson, 175 Cal. 534, 166 Pac. 808; Pierce v. Edwards, 150 Cal. 650, 89 Pac. 600; Pitcairn v. Philip Hiss Co. 61 C. C. A. 657, 125

Fed. 110; 1 Greenl. Ev. 16th ed. 350a. To the same effect is the case of Gilbert Mfg. Co. v. Bryan, 39 N. D. 13, 166 N. W. 805.

The respondent relies upon the case of Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592 and the case of De Rue v. McIntosh, 26 S. D. 42, 47, 127 N. W. 532. The case of Erickson v. Wiper was an action to recover the purchase price of land, and the court said: "It is held by an uncounted multitude of authorities that the true consideration of a deed of conveyance may always be inquired into, and shown by parol evidence, for the obvious reason that a change in or contradiction of the expressed consideration does not affect in any manner the covenants of the grantor or grantee, and neither enlarges nor limits the grant." In other words in that case the consideration named in the deed is held to be a receipt or a mere recital of the consideration. In the case of Cullen v. Spotts, 47 S. D. 339, 198 N. W. 708, the South Dakota Court said: "In an action on rent note, counterclaim alleging failure of water supply and subsequent damage, and an oral agreement that the land would be kept supplied with sufficient water, but containing no allegations of fraud or mistake, or that the oral promise induced execution of the lease, held demurrable; evidence of such parol agreement being inadmissible under Rev. Code 1919, § 860" (Comp. Laws 1913, § 5889).

Again in the case of Farmers' Elevator Co. v. Swier, 50 S. D. 436, 210 N. W. 671, the South Dakota court commenting on the case of De Rue v. McIntosh, 26 S. D. 42, 127 N. W. 532, supra, referring to the rule as announced in that case said: "This rule, however, in the absence of fraud or mistake, should not be and by this court never has been extended to cases in which the written contract is complete and unambiguous and the consideration contractual in its nature."

"An agreement in writing complete on its face, and certain and definite as to its objects, is conclusively presumed to be the whole contract of the parties thereto, and may not be contradicted, altered, added to, or varied, by parol evidence, this rule being founded on the policy of the law, rather than that such evidence may have no probative value." Bushnell v. Elkins, 34 Wyo. 495, 51 A.L.R. 13, 245 Pac. 304. See 10 R. C. L. 1030; 5 R. C. L. Supp. 583; 2 R. C. L. Supp. 1142.

In the instant case the contract states specifically that the quack land is to be plowed that fall and kept black until time to seed flax.

Owner agrees to pay fifty cents per acre for each operation after inspection has been made by a representative of the company. The tenant is to furnish at his own cost and expense all proper conveniences, tools, teams, utensils, farm equipment, machinery, seed and twine to carry on and cultivate said farm and to harvest the crops and there is nothing said in the contract about what kind of machinery or what kind of power shall be used. The tenant specifically agrees to furnish whatever kind of machinery is necessary and whatever kind of power is necessary. If the tenant so desired, he could do his plowing, discing and harrowing with horses or with a tractor and if he can recover in this case for the gasoline used in operating his tractor, he could recover for the feed that his horses ate, if he had used horse power instead of traction power. In this case he specifically agreed to do whatever work was necessary on the quack grass land for fifty cents an acre for each operation. This is as much a part of the contract as any other condition in the lease is a part of the contract. As stated in the case of Harding v. Robinson, supra: "Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, such part of the contract can be no more changed or modified by parol or extrinsic evidence than any other part." To the same effect is the case of Security Nat. Co. v. Sanders, 60 N. D. 597, 235 N. W. 714.

In the instant case the condition is not a mere statement of fact or acknowledgment of payment of a money consideration, but is a direct promise on the part of the respondent to do certain work for fifty cents per acre on each operation and a direct promise on the part of the appellant to pay the respondent fifty cents per acre for each. operation upon the said land. This is not a mere statement or receipt, it is the contract for that particular work. The parol testimony was clearly inadmissible. The plaintiff's claim for work done amounts to $714.50. He concedes that the defendant is entitled to a credit of $168.11, leaving the amount due him of $546.39. It is admitted that the defendant furnished to the plaintiff gasoline and oil amounting to $589.23 and allowing the respondent's claim, less the gasoline and oil for which the defendant was entitled to be paid, leaves a balance in favor of appel-

lant in the sum of $42.84. Judgment notwithstanding the verdict should have been granted. The judgment and order of the trial court are reversed and judgment is ordered for the defendant and against the plaintiff for the sum of $42.84 and for costs.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.