Berry SMITH d/b/a Berry Smith Masonry, Plaintiff-Appellee,

v.

MICHAEL KURTZ CONSTRUCTION COMPANY, a corporation, Defendant-Appellant.

Civ. No. 9093.

Supreme Court of North Dakota.

June 24, 1975.

Rehearing Denied July 30, 1975.

David Garcia, Devils Lake, for plaintiff-appellee.

Traynor & Rutten, Devils Lake, for defendant-appellant.

PEDERSON, Judge.

## CASE SUMMARY

This is an appeal by the defendant, Michael Kurtz Construction Company, a corporation, from a judgment on a jury verdict for the plaintiff in the amount of $2,600, plus costs and disbursements, entered by the District Court of Ramsey County on August 23, 1974, and from an order denying defendant's motion for judgment notwithstanding the verdict or in the alternative for a new trial and for a stay of proceedings to enforce the judgment, entered on December 9, 1974.

The judgment and the order are affirmed.

## FACTS

Prior to submitting a bid to the Elks Lodge of Devils Lake for the general construction items on a project to construct a building, Kurtz obtained from Berry Smith a subcontractor's bid in the following form:

> "Elks Devils Lake
> "Brick & Block as planned          $54200.00
> "Berry Smith"

Because the total of the bids for general, mechanical, and electrical work exceeded the sum available to the Elks Building Committee, the architect asked all bidders to re-examine their bids to determine whether any "shaving" [1] could be accomplished so as to permit the awarding of the contracts.

---

1. *"Shaving" is a term used to describe a process whereby negotiated changes in construction plans, along with other matters, are considered to accomplish a reduction in the bids.*

Kurtz consequently met with Smith, at which time Smith was asked to "refigure this job and see how we could lower the price." Smith suggested that "we can save some money if we lower the walls." Additional changes, including substituting concrete block for brick, were discussed.

Smith then submitted a rebid to Kurtz in the following form:

```
                "Elks  Lodge
                    "Revised          4–20–71
"12"  Block foundation      $  3600.00
"As Indicated on plan #25   $ 40170.00
        "Total              43770.00
                             900.00—stone
                            44,670.00
"No Mortar Color
"No Insulation In Walls."
```

This document is not signed but Smith acknowledged that it was in his handwriting and was his revised bid. Kurtz accepted this bid by letter dated June 7, 1971. We find no explanation in the record of the meaning of the phrase "As Indicated on plan # 25." The record is not clear whether the architect's addendum was incorporated into the Smith bid. There was oral testimony that it was in Smith's possession when he prepared his revised bid, yet the addendum itself indicates that it was prepared nearly one month after the date of the revised bid.

During the construction process, disagreement arose as to the obligation of Smith, as subcontractor, to construct certain walls to "deck height" rather than "ceiling height." This was not resolved and resulted in this action being filed by Smith after he had added to the wall heights at the insistence of Kurtz. Other matters were also in dispute between the parties but are not involved in this appeal.

When the case was being tried before a jury, the trial court allowed oral testimony in explanation of the contract between Kurtz and Smith, some, but not all, of which was objected to by Kurtz.

In the trial court's memorandum decision in denying Kurtz's motion for judgment notwithstanding the verdict or for a new trial, it held that Smith's revised bid was ambiguous and did not include the entire contract between the parties.

## ISSUES

Kurtz, on this appeal, raises two questions:

(1) Was the evidence sufficient to sustain the verdict?

(2) Did the trial court err in permitting oral evidence to be introduced by the plaintiff to vary the terms of the written contract?

## DECISION

### I.

"A motion for a new trial on the ground of insufficiency of the evidence is addressed to the sound judicial discretion of the trial court. * * * If the evidence can sustain a judgment only one way there is no ground for the court to exercise discretion." *Muhlhauser v. Archie Campbell Construction Co.*, 160 N.W.2d 524, 528 (N.D.1968).

In the instant case, at the completion of plaintiff's case, Kurtz moved for a directed verdict. Smith resisted the motion and it was denied by the trial court. Kurtz renewed his motion after he had completed his case. Again Smith resisted and the trial court again denied the motion.

The jury was instructed to, and did, return a special verdict, the pertinent parts of which read as follows:

"WE, the JURY in the above entitled action, by a preponderance of the evidence unanimously find the following answers to the special questions as submitted:

"QUESTION NO. 1. Do you find from the evidence that the parties in this action altered their Elks building con-

tract so that under the facts of this case the plaintiff thereby is entitled to damages?

"Answer 'Yes' or 'No'. ANSWER <u>Yes.</u>

\* \* \* \* \* \*

"QUESTION NO. 2. What is the amount of those damages so sustained by the plaintiff in connection with the Elks contract and construction:

"(a) \* \* \*

"(b) Extras furnished to the defendant by the plaintiff at defendant's request? ANSWER <u>$2660.00</u>"

Subsequently, Smith served and filed a motion " \* \* \* to amend the complaint herein, as may be necessary, to cause it to conform to the evidence adduced at trial thereof and to raise those issues not raised by the complaint, which issues were tried by express or implied consent of the parties." Before that motion could be heard, Smith entered judgment in accordance with the verdict and Kurtz thereupon moved for judgment notwithstanding the verdict or in the alternative for a new trial, and for a stay of proceedings to enforce judgment. The grounds stated in this Kurtz motion were "insufficiency of the evidence and errors which occurred during the trial."

Neither in the trial court nor here does Kurtz specify wherein the evidence is insufficient to support the verdict. From our review of the evidence we can reach no other conclusion than that it would support a verdict for either the plaintiff or the defendant. Thus, applying the principle quoted above from *Mulhauser,* we hold that the motion of the plaintiff was clearly addressed to the discretion of the trial court.

We recently said in *Waletzko v. Herdegen,* 226 N.W.2d 648, 649 (N.D.1975), at syllabus 2:

"A motion for directed verdict should not be granted unless the moving party is entitled to a judgment on the merits as a matter of law. In determining whether the moving party is entitled to a judg-

ment on the merits as a matter of law, the evidence should be evaluated in the light most favorable to the party against whom the motion was made."

The appeal in *Waletzko,* as is the appeal in the instant case, was from a judgment entered on a jury verdict and from the trial court's order denying a motion for judgment notwithstanding the verdict or in the alternative for a new trial.

Reasonable men might well differ as to whether Smith was obligated by his revised bid to construct walls to deck height in the light of the evidence presented. We will not substitute our judgment for that of the jury in such circumstances.

In a similar vein we held in *Jore v. Saturday Night Club, Inc.,* 227 N.W.2d 889, 891 (N.D.1975), at syllabus 5:

"On a motion for judgment notwithstanding the verdict the evidence must be viewed in the light most favorable to the party in whose favor the verdict was rendered and such motion should not be granted unless the evidence shows that the moving party is entitled to judgment on the merits as a matter of law."

And, at syllabus 6:

"A motion for a new trial is addressed to the sound discretion of the trial court and a denial of such a motion will be overturned on appeal when it is clear that there was a manifest abuse of discretion."

See also, syllabus 3 of *Watkins Products, Inc. v. Stadel,* 214 N.W.2d 368, 370 (N.D. 1973), and syllabus 5 of *Farmers Union Grain Terminal Ass'n v. Briese,* 192 N.W.2d 170, 172 (N.D.1971).

We hold that the trial court did not err in denying the motion for judgment notwithstanding the verdict and that there was no manifest abuse of discretion in the denial of the alternative motion for a new trial. Kurtz has not satisfied the burden upon one who claims, in this court, that the evidence is insufficient to support the verdict.

## II.

Appellant Kurtz argues that the revised bid of Smith dated April 20, 1971, accepted by Kurtz's letter dated June 7, 1971, when considered with all of the documents which made up the contract between Kurtz and the Elks, constituted a complete contract in writing and cannot be varied, added to, modified, or contradicted by parol or extrinsic evidence. We do not agree.

"*Generally speaking,* when an agreement or contract is in writing, whether or not the law requires it to be written, such written agreement supersedes all the oral negotiations, agreements, or stipulations which preceded or accompanied the execution of such instrument. Sec. 9–06–07, N.D.C.C." [Emphasis added.] *Watson v. Kresse,* 130 N.W.2d 602, 606 (N.D.1964).

■ In explanation of why this is only so "generally speaking," Judge Strutz stated further in *Watson,* that " * * * parol testimony is inadmissible to vary the terms of a *complete and unambiguous contract.*" [Emphasis added.] See also, *Metzler v. Bolen,* 137 F.Supp. 457, 460 (D.C.N.D.1956); *Larson v. Wood,* 75 N.D. 9, 25 N.W.2d 100 (1946); *Allgood v. National Life Ins. Co.,* 61 N.D. 763, 240 N.W. 874 (1932); *Gilbert Mfg. Co. v. Bryan,* 39 N.D. 13, 166 N.W. 805 (1918).

■ In *Gilbert Mfg. Co. v. Bryan, supra,* at 166 N.W. 808, we held:

"We are of the opinion that the rule is well settled that, where the terms of a written contract are vague or uncertain, testimony may be introduced to explain such terms and explain the true meaning of them; and also, where an agreement is partly written and partly in parol, that part which is in parol and is not mentioned or covered in the written contract may be proved by competent testimony."

■ *Gilbert* relied principally upon the South Dakota case of *De Rue v. McIntosh,* 26 S.D. 42, 127 N.W. 532 (1910), and quoted therefrom as follows:

" 'This provision of our Code embodies the common-law rule upon the subject of written contracts, and while "the execution of a contract in writing, whether the law requires it to be written or not, supersedes all of the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument," nevertheless, as contended by the appellant, there are exceptions to the rule. And one of the exceptions seems to be that agreements or representations made prior to the written contract under which the party was induced to sign the contract may be shown; in other words, where the parol contemporaneous agreement was the inducing and moving cause of the written contract, or where the parol agreement forms part of the consideration for a written contract, and where he executed the written contract upon the faith of the parol contract or representations, such evidence is admissible.' "

The trial court here, in denying the Kurtz motions for judgment notwithstanding the verdict or for a new trial, said in its memorandum decision: "It is evident from a consideration of the exhibits, particularly Plf's Ex. 6, the plaintiff's revised masonry bid, that the entire contract between these parties was not reduced to writing."

■ Our examination of these documents leads us to agree with the trial court on this matter. We further find from a perusal of the transcript of testimony that much parol evidence as to the meaning of the various documents and intention of the parties was admitted without objection.

It is not error to permit parol evidence to explain vague and ambiguous written contract provisions or to show representations made prior to the written contract which induced the party to sign the contract.

In support of his argument Kurtz cited *Cargill, Inc. v. Kavanaugh,* 228 N.W.2d 133 (N.D.1975), and other cases. These cases, however, involved an interpretation of § 9–09–06, N.D.C.C., relating to the altering of

a written contract, and are not in conflict herewith.

The judgment and the order denying defendant's motion for judgment notwithstanding the verdict or in the alternative for a new trial are affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.