# SUPREME COURT OF NEBRASKA.

### JULY TERM, 1880.

| 10 | 323 |
| 29 | 660 |
| 10 | 323 |
| 31 | 628 |
| 10 | 323 |
| 51 | 244 |

PRESENT:

Hon. SAMUEL MAXWELL, Chief Justice.
" GEORGE B. LAKE, } Judges.
" AMASA COBB,

---

E. W. SKINNER, APPELLANT, v. GEORGE REYNICK AND OTHERS, APPELLEES.

**Mortgage on Homestead.** R. and wife executed a mortgage to S. upon a homestead on the public lands, and after making final proof sold and conveyed said homestead subject to said mortgage to N., who afterwards sold and conveyed the same to B., who purchased subject to said mortgage, and agreed to pay the same. In an action to foreclose the mortgage, *held*, that B. could not avail himself of the defense that it was invalid.

APPEAL from Dixon county. Tried below before VALENTINE, J.

*J. B. Barnes*, for appellant.

*Vanatta & Son*, for appellees.

MAXWELL, CH. J.

This is an action to foreclose a mortgage on real estate. The petition alleges that on the twentieth day of May, 1875, George Reynick and Mary, his wife, being possessed of a homestead on the public lands under the laws of the United States, upon which final proof had not been made, mortgaged the same to the plaintiff to secure the sum of $40; that after completing the entry of said lands, and on or about the thirty-first day of March, 1876, Reynick and wife sold and conveyed the same, subject to said mortgage to one Edward Newton, who, on or about the first day of April of that year, sold and conveyed said lands, subject to said mortgage, to one James G. Bailey, one of the defendants in this action, who promised to pay the same. It is also alleged that through mistake the mortgage was not recorded; that the same has not been paid, and that no action at law has been brought to recover the amount due thereon. The defendant Bailey demurred to the petition on the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was sustained and the action dismissed. The plaintiff appeals to this court.

Is the defendant Bailey in a condition to question the validity of the mortgage in question? We think not. In *Kruger v. Harvester Co.*, 9 Neb., 526, where one Kruger purchased certain lands subject to a certain judgment lien, the amount thereof being deducted from the purchase money, it was held that he could not question the validity of the judgment, although it was not in fact a lien upon the land. So in the case at bar it is alleged that the defendant Bailey purchased

the land in question subject to the mortgage, and that he agreed to pay the same. This being the case, it can make no difference to him whether as between the plaintiff and Reynick and wife the mortgage is invalid or not. They do not complain, and the defendant cannot.

In the case of *Jones v. Yoakam*, 5 Neb., 265, it was held that the only effect of the prohibition in the homestead law was to protect the owner thereof against compulsory payment of a debt contracted before the patent was issued; but did not prevent him from voluntarily pledging the same to secure even a pre-existing debt.

The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.