Koch v. Losch.

FERDINAND KOCH ET AL. V. J. F. LOSCH.

[FILED MARCH 24, 1891.]

1. **Estoppel**: JUDICIAL SALES: PURCHASE SUBJECT TO MORTGAGE. K. commenced suit against M. in the district court, and attached the defendant's land, against which there was of record a mortgage of $800 in favor of M.'s wife. Judgment was subsequently rendered in favor of the plaintiff, and an order of sale was issued. The sheriff and appraisers, in appraising the interest of the defendant in the land, recognized the mortgage as a valid lien, and deducted the amount thereof from the real value of the land. At the sale the land was purchased by K. and S. subject to all liens thereon. The mortgage was afterwards sold and assigned to L. In an action to foreclose the same it was *held*, that K. and S. are estopped from disputing the validity of the mortgage.

2. **Fraudulent Conveyances.** Evidence examined, and *held*, to to sustain the charge, that the deed from M. to T. was without consideration and made with the intent to defraud the creditors of the grantor.

ERROR to the district court for Cuming county. Tried below before NORRIS, J.

*E. K. Valentine*, for plaintiff in error, cited: *Grant v. Cropsey*, 8 Neb., 208.

*J. F. Losch*, contra, cited: *Skinner v. Reynick*, 10 Neb., 324; *Kruger v. Harvester Co.*, 9 Id., 526; *Horton v. Davis*, 26 N. Y., 495; *Kennedy v. Brown*, 61 Ala., 296; *Smith v. Graham*, 34 Mich., 302; *Johnson v. Thompson*, 129 Mass., 398; *Parkinson v. Sherman*, 74 N. Y., 88; *Freeman v. Auld*, 44 Id. 50; *Comstock v. Smith*, 26 Mich., 306.

NORVAL, J.

This action was commenced by J. F. Losch in the district court of Cuming county, to foreclose a mortgage

given by John Michel to Elizabeth Michel, upon the northeast quarter of section 17, township 21, range 7 east, to secure the payment of the sum of $800. The mortgage was assigned to Losch before suit. John Michel, Ubaldus Tannenberger, Ferdinand Koch, and Frederick Sonnenschein were made defendants. A decree of foreclosure was rendered for the amount claimed, with findings that the interest of the defendants in the mortgaged premises was subsequent and inferior to that of the plaintiff. Koch and Sonnenschein moved for a new trial, which was denied, and they prosecute a petition in error to this court.

In January, 1886, proceedings were pending in the district court for Cuming county, wherein John Michel prayed for a divorce from Elizabeth Michel. A decree of divorce was granted on the 18th of the month, and on the same day John Michel, in settlement of alimony, executed and delivered to his wife a note for $800, payable May 1st thereafter, and secured the payment of the same by giving the mortgage sued on, which was recorded January 19, 1886. Subsequently the parties were remarried, and ever since have lived together as husband and wife.

On March 7, 1887, John Michel and wife, by warranty deed, conveyed the mortgaged premises to the defendant Tannenberger, which deed was filed for record on the 12th day of the same month. Prior to the date of said conveyance Ferdinand Koch commenced suit against John Michel in the district court of Cuming county, and attached the land in question. Subsequently Koch recovered a judgment in the case for $788.76 debt, and $36.63 costs, and an order for the sale of the attached property. At the sale the land was purchased by Koch and Sonneschein.

It is claimed that the court erred in rendering a decree of foreclosure, because the mortgage had been paid and released prior to the commencement of this suit, and before the sale in the attachment case. It is conceded that the mortgage was never discharged of record. T. M. Franse

Koch v. Losch.

and N. Jurgenson each gave testimony to the effect that, after Mr. and Mrs. Michel were remarried, Mrs. Michel executed a written release of the mortgage, and that the same was acknowledged by her before Emery Briggs, a justice of the peace, and that the release was delivered to the mortgagor. Their testimony is, to some extent, corroborated by that of the justice. On the other hand, the mortgagor and mortgagee each state in their depositions that no part of the debt secured by the mortgage was ever paid, and that a release of the mortgage was never delivered to Mr. Michel. It also appears in testimony that the note and mortgage were placed by Mrs. Michel, for safe keeping, in the custody of Tannenberger soon after the mortgage was recorded, and that these papers were not out of his possession until they were assigned to the plaintiff. While the evidence introduced on behalf of the defendants below was sufficient to authorize a finding by the trial court that the mortgage had been settled by the parties, and that a release was executed and delivered, yet such evidence, when weighed in connection with that introduced by the plaintiff, is not of such exclusive character to warrant a reviewing court to disturb the finding of the district court.

But, as we view the facts disclosed by the record, the plaintiffs in error are not in a position to question the validity of the mortgage, or to urge that it was not a lien upon the land. They purchased the land subject to this mortgage. Under the order of sale issued in the attachment suit the real value of the land was appraised at $3,200. The certificate of liens made by the county clerk shows a mortgage of record for the sum of $1,500 in favor of James Thompson, and another to Elizabeth Michel for $800, dated January 18, 1886. These mortgages were recognized as liens by the appraisers, and the amounts were deducted by them, in making the appraisement, from the real value of the land. The plaintiffs in error purchased

the real estate for $325. At the time they had notice of the existence of the mortgage and recognized its validity. It would be inequitable to permit them now to set up that it was not a valid lien. (*Skinner v. Reynick*, 10 Neb., 323; *Forgy v. Merryman*, 14 Id., 513; *Bond v. Dolby*, 17 Id., 491; *Horton v. Davis*, 26 N. Y., 495.)

Counsel for plaintiffs in error say that the court erred in entering a decree for the plaintiff below, because he was not the owner of the mortgage when suit was brought. Considerable testimony was given on this branch of the case. The plaintiff produced the note and mortgage duly assigned to him, and testified he purchased them, paying therefor $100 in cash, and agreed to pay $100 more, and to perform some legal services for Mrs. Michel. A careful reading of the testimony convinces us that the plaintiff was the owner of the mortgage and is the real party in interest. True, he purchased it for less than a third of its value, but as Mrs. Michel is not complaining, it is certainly no concern of the plaintiffs in error.

It is finally urged that the court erred in not rendering judgment canceling the deed from the Michels to Ubaldus Tannenberger. The undisputed testimony shows that there was no consideration for the deed, that it was made for the sole and only purpose of hindering, delaying, and defrauding the plaintiffs in error, who were at the time creditors of the grantors. The defendant Tannenberger, although a witness in the case, made no denial upon the witness stand of the allegations and proof of fraud. The deed creates a cloud upon the title of the plaintiffs in error to the land and should be canceled.

A decree will be entered in this court canceling the deed from the Michels to Tannenberger. In all other respects the decree of the lower court is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.