## JAMES GOWANS v. A. S. PIERCE.

### No. 8689.

1. MORTGAGE—*grantee assuming, cannot deny validity of, or of note.* A purchaser who, by the terms of a conveyance of land to him expressly assumes the payment of a mortgage on the property conveyed, is estopped from questioning the validity of the mortgage itself or the notes which it secures.

2. PAROL EVIDENCE—*not admissible to change settled meaning of words in writing.* Parol evidence is generally inadmissible for the purpose of showing that words used in a written instrument, which have a clear and well settled meaning, were not intended to have the legal effect ordinarily following their use.

---

*NOTE.—The preceding portion of this volume had been printed when the present reporter took charge of the work; and his responsibility for proof-reading, for the synopses prefixed to syllabi, and for the minor details of reporting begins with this page. The table of cases and the index are his. Not wishing to change the mechanical style of a partly printed volume, he must postpone for a time some improvements he has had in contemplation.—REPORTER.

*Error from Wyandotte Court of Common Pleas.*
*Hon. T. P. Anderson, Judge.*

REVERSED AND REMANDED.          OPINION FILED JULY 11, 1896.

*Theo. Hawley*, for plaintiff in error.

No appearance for defendant in error.

ALLEN, J.    This action was brought by James Gowans against A. S. Pierce to recover the amount of a mortgage on a block of ground in the city of Kingman, the payment of which the defendant assumed. The notes and mortgage securing the same were executed in the name of Margaret F. Yancey by Milton V. Yancey, her attorney in fact, and payable to the order of William F. Leonard.   The notes were indorsed by Leonard to the plaintiff.   The land was conveyed by Yancey and wife to Mary W. McClelland, who, by the terms of the deed, assumed the payment of the mortgage.   Mary W. McClelland and her husband conveyed to the defendant Pierce by a deed containing the following provision: ''Subject however to two certain mortgages, one for $1,800, and one for $180, given to William F. Leonard, which is made a part of the consideration money, and assumed by the party of the second part.''   The consideration named in the deed is $3,000.   The defendant testified that he obtained possession of the property described in the deed, and that all he paid for it was $200.   Over the objection of the plaintiff he was allowed to testify to a conversation with one Todd, a real estate dealer through whom the sale was effected, with reference to the meaning of the word ''assumed'' inserted in the deed and the liability the defendant would incur by reason of the above-quoted clause.   The notes were offered in evidence but the Court excluded them.   For

what reason is not clearly shown; but it may perhaps be inferred that it was on the ground that the power of attorney under which Yancey acted for his wife did not expressly authorize him to execute promissory notes in her name, although it did authorize him to mortgage or sell this particular land. The case was tried to the Court, a general finding was made, and judgment rendered for the defendant.

No brief has been filed on behalf of the defendant in error.

The plaintiff proved a clear case of assumption of the mortgage debt. The evidence as to what the real estate agent, Todd, said with reference to the legal effect of the use of the word " assumed" was clearly incompetent. There was nothing showing, or tending to show, that the grantors in the deed assented in any manner to the construction Todd placed on the language used in the instrument. We cannot tell from the record whether the Court based its judgment on this incompetent testimony, or on the fact that power to execute the notes in the name of Mrs. Yancey was not expressly given to her husband by the terms of the power of attorney. Whether he had authority to do so, strictly, or not is quite unimportant; for he had power to execute the mortgage and, probably, to execute in the customary manner notes as primary evidences of the debt.

The defendant, having assumed the payment of the mortgage debt by the express terms of the deed under which he took possession of the property, is estopped from questioning the validity of the mortgage. The Court erred in rendering judgment for the defendant on the facts disclosed by the testimony.

The judgment is reversed and a new trial ordered.

All the Justices concurring.