EDISON ELECTRIC ILLUMINATING COMPANY OF BOSTON *vs.* GIBBY FOUNDRY COMPANY.

Suffolk.      January 7, 1907. — February 27, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Evidence*, Extrinsic affecting writings. *Deed. Covenant.*

A grantor of land, who has covenanted in the deed that the premises are free from incumbrances made or suffered by him and has warranted against such incumbrances, cannot maintain an action on an oral promise of the grantee to pay as a part of the consideration a tax assessed to the grantor as of the first day of May preceding the conveyance. Dictum in *Preble* v. *Baldwin*, 6 Cush. 549, disapproved and a part of the doctrine of that case declared to have been modified by later cases.

KNOWLTON, C. J.   On May 17, 1902, the plaintiff conveyed real estate to the defendant, with a covenant that the premises were free from incumbrances made or suffered by it, and with a special warranty against such incumbrances.   A tax on the property was assessed to the plaintiff as of the first day of May, and was paid by it.   This action is brought against the defendant on an alleged promise to pay this tax as a part of the consideration for the conveyance.   Evidence was introduced *de bene*, tending to prove the promise, but the judge ruled that such a contract was inconsistent with the covenants in the deed and not enforceable in this action.   He accordingly found for the defendant, and reported the question to this court.

The plaintiff relies upon the numerous cases in which it is held that a plaintiff may show by parol the actual consideration of a deed, and may recover the consideration upon an oral promise to pay it, notwithstanding that the receipt of it is acknowledged in the deed.   *Wilkinson* v. *Scott*, 17 Mass. 249.   *Paige* v. *Sherman*, 6 Gray, 511, 513.   *Ely* v. *Wolcott*, 4 Allen, 506, 507.   *Pickman* v. *Trinity Church*, 123 Mass. 1, 8. The defendant relies upon the limitation of this rule expressed by Chief Justice Morton in *Simanovich* v. *Wood*, 145 Mass. 180, in these words: " While for some purposes it is competent to show what the real consideration of a deed is, a party cannot, under the guise of showing what the consideration is, prove an oral agreement, either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant."   It was expressly decided in that case, and it had been decided before, that a grantor in a deed cannot defend an action for a breach of his covenant by saying that the grantee, as a part of the consideration for the conveyance, made an oral agreement like that on which this action was brought. *Flynn* v. *Bourneuf*, 143 Mass. 277.   *Spurr* v. *Andrew*, 6 Allen, 420.   See also *Howe* v. *Walker*, 4 Gray, 318; *Morse* v. *Wellesley*, 156 Mass. 95; *Durkin* v. *Cobleigh*, 156 Mass. 108; *Knowlton* v. *Keenan*, 146 Mass. 86.   The only question which is left open upon our decisions is whether such an oral contract to discharge an incumbrance, which cannot be availed of to relieve a grantor from his liability for a breach of his covenant of warranty, can be made a ground of recovery in an action by him for the con-

sideration. The plaintiff relies upon *Preble* v. *Baldwin*, 6 Cush. 549, which contains language that tends to support his contention. This language has been criticised in subsequent cases, and the judgment itself seems to have been rendered without very full consideration of the effect of the covenant in the deed. See *Flynn* v. *Bourneuf*, 143 Mass. 277; *Howe* v. *Walker*, 4 Gray, 318; *Munde* v. *Lambie*, 122 Mass. 336, 338. We are of opinion that the later cases have materially modified a part of the doctrine of this case, and that the statement of the law quoted above from *Simanovich* v. *Wood* should apply to an action to recover something that should be furnished as a part of the consideration, under an oral promise which is inconsistent with a covenant in the deed.

The decision in *Newcomb* v. *Wallace*, 112 Mass. 25, is not at variance with our conclusion. In that case it was held that there was a breach of the covenant; but the plaintiff was allowed to recover only nominal damages, because the payment of the money was made by him in the performance of his promise, and even though the promise could not have been enforced, his performance of it left him without actual damage from the defendant's breach of the covenant. This was treated as a performance, in substance, by the procurement of the defendant.

*Judgment on the verdict.*

*J. Gordon*, for the plaintiff.

*C. P. Lincoln*, for the defendant.