## Louis Weiss, Plaintiff in Error, v. Max Clamitz and Amelia Clamitz, Defendants in Error.

### Gen. No. 21,461.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here. Opinion filed January 17, 1917.

### Statement of the Case.

Action by Louis Weiss, plaintiff, against Max Clamitz and Amelia Clamitz, defendants, to recover earnest money paid under a contract for a sale of certain real property. From a judgment against him for costs, plaintiff brings error.

The contract provided, among other things, that the land should be subject to an incumbrance of $3,500, of which $500 was to be payable in July, 1913, and the balance in 1917. Upon an examination, it appeared that the property was subject to an incumbrance of $3,500, of which $500 was payable August 7, 1914, $500 August 7, 1915, and the balance in 1917. Plaintiff gave notice to the defendants that he elected to stand on his contract, and must have a conveyance subject only to the incumbrance therein provided for. No such conveyance was tendered.

FLECK, KAVENEY & BURKE, for plaintiff in error; WILLIAM REEDA, of counsel.

No appearance for defendants in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 81*—*what does not constitute waiver of condition in contract.* Where a contract for the sale of land provides that the land shall be subject to a specified incumbrance, an agreement to change the terms of the contract so as to permit an incumbrance materially different from the one originally provided for does not constitute a waiver of the condition.

2. EVIDENCE, § 322*—*when parol evidence inadmissible to vary terms of contract.* Where a contract for the sale of real property provides that the land shall be subject to a specified incumbrance, payable at specified periods, evidence that an agreement to change the terms of the contract so as to permit an incumbrance materially different from the one originally provided for is inadmissible as an attempt to vary the terms of a written document by parol evidence.

3. VENDOR AND PURCHASER, § 325*—*when purchaser is entitled to repayment of earnest money.* Where a contract for the sale of real estate provides that the land shall be subject to a specified incumbrance payable at specified periods, and the vendor is unable to furnish a conveyance subject only to such incumbrance within the time stipulated by the contract, the purchaser is not in default and is entitled to recover earnest money deposited under the contract.

4. APPEAL AND ERROR, § 1810*—*when final judgment will be entered in Appellate Court upon reversal.* Where, in an action by the purchaser of real estate against a vendor to recover earnest money paid under the contract, there is no dispute in regard to the amount, the Appellate Court upon reversing a judgment for defendant will enter final judgment for the amount claimed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.