W. W. PATTEE, Respondent, v. WALTER PRALL, Appellant.

(176 N. W. 659.)

**Evidence — parol evidence admissible to ascertain true consideration.**

1. In a contract involving the sale of real estate and of bank stock, parol testimony is admissible for the purpose of ascertaining the true consideration.

**Contracts — where parties differed upon the true consideration it was not error to submit sufficiency of plaintiff's tender to jury.**

2. In an action to recover moneys paid or due under a rescinded contract,

where the parties differed upon the true consideration of such contract, the trial court did not err in submitting to the jury the sufficiency of plaintiff's tender of performance or his justification in refusing to perform.

Opinion filed February 10, 1920.

Action in District Court, Eddy County, *Buttz*, J., to recover money paid or due upon a rescinded contract.

From a judgment in favor of the plaintiff, the defendant has appealed.

Affirmed.

*James A. Manley* and *Edward P. Kelly*, for appellant.

The testimony was evidenced by writing and to permit the supposed agreement to be proven by parol would be to vary, contradict and annul the written agreement by a parol, contemporaneous agreement. This the law will not tolerate. National German American Bank v. Lang, 2 N. D. 11; Thompson v. McKee, 5 Dak. 172, 37 N. W. 367; Piano Mfg. Co. v. Root, 3 N. D. 165; Wm. Deering & Co. v. Russell, 5 N. D. 319.

To permit this stipulation to be proven by parol would be to permit an additional term or be granted upon a written contract which would effectually change the contract expressed in the writing as if the stipulation were in direct contradiction of its terms. Jones & Son v. Great Northern R. Co. 12 N. D. 336; First Nat. Bank v. Prior, 10 N. D. 146.

An offer of performance is of no effect if the person making it is not able and willing to perform according to the offer. Laws 1913, § 5810.

*W. J. Lorshbough* and *N. J. Bothne*, for respondent.

A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates. N. D. Comp. Laws, § 5907.

If the terms of a promise are in any respect ambiguous or uncertain it must be interpreted in the sense in which the promisor believed at the time of making it that the promisee understood it. N. D. Comp. Laws, § 5909.

Whenever the terms of a contract are susceptible of more than one interpretation, or an ambiguity arises, or the extent and object of the

contract cannot be ascertained from the language employed, parol evidence may be introduced to show what was in the minds of the parties at the time of making the contract, and to determine the object on which it was designed to operate. 10 R. C. L. p. 1065 and citations; Newman v. Kay, 68 L.R.A. 908; Quarry Co. v. Clements, 43 Am. Rep. 442; Miller v. Way (S. D.) 59 N. W. 467; Sturges v. Ry. Co. (Mich.) 131 N. W. 706; Martin Steam-Feed Cooker Co. v. Olive (Iowa) 47 N. W. 980.

Ambiguity in a contract or written instrument must be interpreted most strongly against the party who prepared it. American Surety Co. v. Pauly, 170 U. S. 144; Grace v. Insurance Co. 109 U. S. 382; 6 R. C. L. 854 and citations.

A parol contemporaneous agreement which constituted the inducing cause of a written agreement, or formed a part of the consideration therefor, is generally admissible in evidence. Erickson v. Wiper, 33 N. D. 193; Gilbert Mfg. Co. v. Bryan (N. D.) 166 N. W. 805.

BRONSON, J. This is an action to recover moneys paid or due under a rescinded contract. The parties were joint owners of a platted townsite, and certain acreage adjoining, in Brantford, North Dakota. The defendant owned certain bank stock of the Security State Bank, of which he was president. The Farmers State Bank, a competing bank, desired to secure the stock in the Security State Bank. It had negotiations with the plaintiff concerning the matter.

In December, 1917, the plaintiff and the defendants made a written contract wherein the defendant agreed to sell and convey to the plaintiff his one-half interest in the remaining lots of the townsite and in the acreage adjoining; he also agreed to sell to the plaintiff 100 shares of his bank stock, at book value on January 1, 1918. The consideration stated for the one-half interest in the lots was $50 per lot for the 25 ft. lots and $25 per lot for the 50 ft. lots; for the acreage $1,400; for the good will of the banking business $1,000; a payment down of $5,000 in cash, was stipulated. This amount was paid by the plaintiff after some changes were made in the written contract, such as changing the amount of the cash payment from $10,000 to $5,000; the consideration of the acreage from $1,500 to $1,400; the time of occupancy of defendant's bank building from July 1, 1918, to May 1, 1918;

and a particular stipulation, written in the contract, that the defendant will take up all loans, and will be permitted to take up any certificates of deposits he may have in his bank. The plaintiff about the same time, made a similar contract with the Farmers State Bank for the transfer by him, to such bank of the bank stock of the defendant; the townsite lots and the acreage involved for a similar consideration. The plaintiff borrowed the $5,000, so paid, upon his note from this bank.

On January 2, 1918, the plaintiff, with an accountant, appeared at defendant's bank for the purpose of making settlement, pursuant to the contract. In considering the amount to be paid, a dispute arose upon the provisions of the contract, providing for the payment of the one-half interest of the defendant in the townsite lots, and acreage at so much per lots, and at a stated amount for the acreage. The defendant immediately stated that the amount as stated in the contract was the amount that he was to receive; the plaintiff maintained that the amount stated was the total lot or acreage value and should be divided by two; that this would then represent defendant's undivided one-half interest therein. Apparently, by reason of this difference between the parties, this law suit has arisen. The defendant insisted that he was entitled to receive what his contract stated. The plaintiff withdrew; he prepared, in writing, a tender of performance, and served the same that day upon the defendant. In addition to these matters, the parties owned, jointly, a house and lot in Nebraska, three lots in the townsite mentioned occupied by plaintiff's buildings, and an interest in three contracts of sale for lots.

Prior to this time and after making the written contract, the defendant had conveyed his undivided interest in these three lots to the plaintiff; the defendant had also inserted his name as grantee in a blank deed possessed to the Nebraska property; the plaintiff had assigned his interest to the defendant in the lot contracts. The agreement concerning these properties rested in parol. The plaintiff maintaining that these agreements of transfer of such properties was orally made outside of the written agreement, upon the understanding that the plaintiff would receive the difference between the value of the properties conveyed and received by him. The defendant maintains that the independent oral agreement was made for the transfer and exchange

of such property without any additional consideration. The value of the property, as to the interest of the defendant, received by the plaintiff, was $75; the value of the property received by the defendant, as to the interest of the plaintiff, was, for the Nebraska property $600; for the lot contracts $150. The plaintiff maintains, in his testimony, that the defendant filled his name in as grantee without the knowledge, consent, or authorization of the plaintiff. The parties subsequently did not come to any understanding or agreement for the performance of their contracts. The defendant retained the $5,000, his bank stock, and the transfers received by him; he maintained the right to withhold this $5,000 under the contract for failure of the plaintiff to perform.

This action, accordingly, was brought to recover from the plaintiff the sum of $5,000 and the amount of his interest in the Nebraska property, and the lot contracts, less the value of defendant's interest received in the three lots conveyed by him to the plaintiff. The action was tried to a jury. A verdict was returned for the plaintiff for $5,000, the consideration paid, $600 for the Nebraska property, and $150 for the contracts, less $75, together with interest thereupon. From the judgment entered upon this verdict, the defendant has appealed.

The defendant specifies error principally upon the grounds that the trial court erred in permitting oral testimony to be introduced to explain the written agreement concerning the amount to be paid the plaintiff for the lots and acreage, and in submitting the case to the jury, in opposition to his motions, concerning such testimony, and concerning the failure of the evidence to show a proper tender of performance or offer of performance on the part of the plaintiff.

At the close of the case the parties stipulated the book value of the bank stock. The amount of the verdict concerning items other than the $5,000 item is not controverted. The specifications concern alone, the $5,000 item as awarded through the verdict of the jury.

The trial court upon fair instructions submitted to the jury the question of fact involved. The jury by its verdict found adversely to the contentions of the defendant.

It is considered immaterial in this case, whether the contract is to be deemed to express on its face, an agreement for a total lot or acreage value payable to the defendant, or an amount equal to one half thereof, or whether it is ambiguous in that regard.

It is evident that the main issue in this case was the question of the true consideration due the defendant concerning these town lots and acreage. It is well settled in this state, and is fundamental, that parol evidence is admissible for the purpose of showing the true consideration of a contract even though it be different or other than that expressed in the contract. See First State Bank v. Kelly, 30 N. D. 84, 93, 152 N. W. 125, Ann. Cas. 1917D, 1044; Beiseker v. Svendsgaard, 28 N. D. 366, 370, 149 N. W. 352; Erickson v. Wiper, 33 N. D. 193, 207, 157 N. W. 592; see 17 Cyc. 651, 655; see also Alsterberg v. Bennett, 14 N. D. 596, 599, 106 N. W. 49. The parol testimony submitted was admissible for the purposes of the rule quoted. There was evidence in the record sufficient to justify the verdict of the jury, that the true consideration was as plaintiff contended; in fact, upon the preliminary agreements, the defendant in money, asked for an amount representative of the amount in accordance with the plaintiff's contentions. Also upon the trial the defendant admitted that if such amount had been tendered he would have received it.

Upon the question of performance, the trial court properly submitted to the jury the issues as to whether the plaintiff had made a proper offer or tender of performance, or was justified, in view of the acts of the defendant, in being excused from making any offer of performance. Comp. Laws 1913, § 5821. The judgment of the trial court is in all things affirmed.