[File No. 5957.]

UNION CENTRAL LIFE INSURANCE COMPANY, a Corporation, Respondent, v. HARRIS ALFORD, Appellant.

(238 N. W. 646.)

Opinion filed October 23, 1931.

*Holt, Frame & Nilles (L. H. Oehlert* on oral argument) for respondent.

BIRDZELL, J. This is an action to recover installments of indebtedness secured by mortgage and taxes paid on the mortgaged premises by the mortgagee. The action is against the defendant, a grantee subsequent to the mortgage, who in the deed of conveyance from the mortgagors had assumed and agreed to pay the mortgage. The plaintiff recovered a judgment in the district court and the defendant appeals. The facts are stipulated and may be stated briefly as follows:

Willey Pepper, while the owner in fee of the east half of section 16, township 137, north of range 64, west of the 5th principal meridian, mortgaged the same, on February 7, 1924, to the plaintiff to secure a loan of $4,750 at $6\frac{1}{2}$ per cent interest. The loan was on the amortized plan and was evidenced by 31 installment notes signed by the mortgagors, Pepper and wife. A year later, in February, 1925, the defendant purchased this land from the mortgagors and took a conveyance by warranty deed. The deed contained the usual covenant that the lands were free and clear of all incumbrances, which covenant was followed by an exception and assumption clause worded as follows: "except a certain mortgage now of record payable to the Union Central Life Insurance Company for forty-seven hundred and fifty dollars ($4,750) which the party of the second part assumes and agrees to pay and a second mortgage to Eaton & Eaton for $315." The defendant entered into possession under this deed and paid the notes that fell due on December 1, 1926, and 1927. He likewise paid the taxes on the land for 1926, but did not pay those for 1927 and 1928. These were paid by the plaintiff. In this action the plaintiff seeks and has obtained merely a personal judgment for the overdue installment notes and the taxes paid, with interest.

The first contention advanced on the appeal is that the form of the mortgage is such that the plaintiff is limited to an action in foreclosure. The mortgage does not contain a covenant directly and expressly binding the mortgagors to pay the debt it secures. The habendum clause, however, following the words of grant, recites that the grantee is

"To have and to hold the same, with the appurtenances, to the said party of the second part, its successors and assigns forever.

"In trust, however, to secure the payment of a debt evidenced by certain promissory notes of even date herewith signed by Willey Pepper and Emma A. Pepper, parties of the first part, and payable to the party of the second part at its Home Office in Cincinnati, Ohio, more fully described as follows:" (Here follows a description of the notes, ending thus:) "The total amount of the above notes includes a loan of $4,750 and interest to maturity of each note calculated at $6\frac{1}{2}$ per cent."

The mortgage contains these additional covenants:

"The parties of the first part hereby covenant and agree with the party of the second part as follows:

"First: To pay all taxes, assessments and charges of every kind which are now or which hereafter may become liens on said real estate. . . .

"Fourth: In case taxes, assessments, liens and insurance premiums are not paid as herein provided, the party of the second part may pay the same and collect the amount from the parties of the first part, on demand, together with interest at ten per cent., per annum from date of payment, and this mortgage shall stand as security therefor."

The fifth covenant stipulates that in the event of the failure to pay any of the notes or renewals, or of the failure to comply with any of the prior covenants, the whole sum shall become due at the option of the second party and that the mortgage may be foreclosed.

It is not open to any question whatsoever that the mortgagors were personally liable to the mortgagee for the indebtedness. They signed notes representing that indebtedness and there is no contention that they did receive full value therefor. The mortgage was given to secure the payment of the debt. The assumption clause in the deed given by the mortgagors to the defendant refers expressly to the mortgage;

describes it according to the amount of the indebtedness and identifies it as an obligation which the defendant "assumes and agrees to pay." As between the grantors and the grantee, there can be no doubt that, if the former were held liable upon or were called upon to pay any part of the mortgage indebtedness represented by the notes, they would have a right of recourse over against the defendant. The assumption clause renders the defendant a principal obligor with respect to such indebtedness and the mortgagors' sureties. To hold that the obligation of the defendant, who had assumed and agreed to pay the particular mortgage, is any less than the obligation of the mortgagors, would be to deprive the words used in the assumption clause of a part of their ordinary meaning. He does not assume the mortgage unless he takes over all the obligations of the mortgagors pertaining to it, and he could not more effectually express such an undertaking than by agreeing to pay it. This implies a complete discharge of every obligation of the mortgagors and nothing less would fulfill the defendant's promise. In the face of this language, conveying as it does the clear meaning of the parties that the obligation of the mortgagors shall henceforth be that of the grantee, it would indeed be a strain upon all reasonable interpretation to hold there was no intent to become personally liable for the amount of the mortgage. Indeed, one authority says the word "assume" is the word of art ordinarily used to express a promise to pay the mortgage indebtedness which renders one personally liable therefor. 1 Williston, Contr. § 382. There is obviously no merit to the argument of the appellant in so far as the taxes are concerned, because there is in the provisions of the mortgage above quoted an express covenant to pay them.

It is next contended that the form of the mortgage assumed by the defendant is such that the only remedy of the plaintiff is that of foreclosure. The instant action is not on the mortgage. It is on the assumption clause in the deed. This is an independent contract. As the mortgage involved contains no express restriction as to the remedies of the mortgagee, we look to it only to ascertain the amount of the indebtedness and the terms of payment. The assumption clause being a clear and unconditional promise to pay, and the form of the mortgage being such as to impose no limitation upon the right of the creditor to pursue any remedy he may have for the collection of the debt, there

is no obstacle to an action at law. Thorp v. Keokuk Coal Co. 48 N. Y. 253, 259.

To sustain their contention that the mortgagee is not entitled in this action to a judgment against the grantee, counsel seem to place chief reliance on decisions from the state of Michigan, the latest of which is Anderson v. Thompson, 225 Mich. 155, 195 N. W. 689. Counsel, however, have failed to note that in Michigan the right of a third party to sue upon a contract made expressly for his benefit is not recognized (Hartford F. Ins. Co. v. Davenport, 37 Mich. 609; Hopkins Mfg. Co. v. Aurora F. & M. Ins. Co. 48 Mich. 148, 11 N. W. 846; 1 Williston, Contr. § 381) as it is in this state by express provision of statute (Comp. Laws 1913, § 5841). Michigan has failed to follow the prevailing trend of authorities in this country based upon the leading case of Lawrence v. Fox, 20 N. Y. 268. Therefore, in holding, as the Michigan court did in the case of Anderson v. Thompson, supra, that the personal liability of a grantee assuming a mortgage can only be enforced for the deficiency arising on a fore-closure in equity, it was merely recognizing the inability of the mort-gagee to hold the grantee in any action save such as may be authorized by statute (§ 26, chapter 19 of the Michigan Judicature Act; 3 Compiled Laws of Michigan (1915), § 12,680) or, possibly, such as may be supportable upon purely equitable grounds, which, of course, would not include an action at law to recover the debt.

Peculiar statutory provisions existing in other states may likewise explain some of the cases apparently contrary to the rule prevailing in this jurisdiction. Moore v. Booker, 4 N. D. 543, 62 N. W. 607; McDonald v. Finseth, 32 N. D. 400, L.R.A.1916D, 149, 155 N. W. 863; Leach v. Nelson, 48 N. D. 1046, 189 N. W. 251; Bull v. Smith, 49 N. D. 337, 25 A.L.R. 1402, 191 N. W. 624. In California, for instance, there has long been a statute limiting a creditor to one action for the recovery of any debt secured by mortgage, and that is the action of foreclosure. See Pomeroy, Cal. Code Civ. Proc. (1901) § 726. But in the great majority of American jurisdictions the benefi-ciary of a contract in proper circumstances is permitted to sue the promisor in an action at law (see 1 Williston, Contr. §§ 381 and 383; 21 A.L.R. 454), and such is the law in this state.

There is some further contention to the effect that the plaintiff

452

has not established that the contract sued upon was made expressly for his benefit. The plaintiff pleads the contract contained in the deed and he pleads that he is the owner of the mortgage thus assumed. This is clearly sufficient to bring it within the rule.

The judgment must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.