[File No. 5968.]

CHARLES J. CLARK, Appellant, v. MYLES HENDERSON, Respondent.

(244 N. W. 314, — A.L.R. —.)

Opinion filed November 25, 1931.   On rehearing, August 23, 1932.

*Thos. C. Jepsen* and *T. S. Stuart,* for appellant.

*Claaf Braatelien,* for respondent.

NUESSLE, J. This is an action to foreclose two mortgages on real estate. The complaint was considered by us in the case of Clark v. Henderson 58 N. D. 650, 227 N. W. 185 and there held good as against demurrer. When the case was remanded the defendant answered. He denied the delivery of the notes and mortgages; alleged that they were without consideration; that they had been paid and satisfied; that at the time of the alleged assignment to the Kenmare bank the Bank of Crosby was in receivership and Clark had no authority as its president to assign the same, so there was no effective transfer to the Kenmare bank; that Clark was not the owner and holder of the notes and mortgages; that there was no assumption of the mortgages sought to be enforced, and in that behalf "the defendant says that at the time of his taking of said deed from plaintiff it was understood and agreed between plaintiff and defendant that said land was subject to certain encumbrance then talked of, specified and agreed upon between the parties hereto, and which encumbrance so agreed upon and specified the defendant agreed to assume and pay, but defendant says that the mortgage now sought to be enforced herein was not included among the encumbrances against said land which defendant assumed and agreed to pay. The defendant says that plaintiff and defendant at the time had a conversation and fully discussed the encumbrances to which said land was to be subject, and which en-

cumbrance the defendant was to assume, and that it was then specifically understood and agreed that defendant was not to pay the mortgage now sought to be enforced. . . . Defendant says further that he did not under the terms of the deed referred to in the complaint, and given him to said land, agree to pay any and all the encumbrances of record against said land, and as alleged in the complaint, but that the agreement made and the terms of said deed are that defendant was to assume the payment of the encumbrance of record which was at the time specifically mentioned and agreed upon between the parties hereto as the encumbrance to be assumed by defendant, and which agreement so made did not embrace the payment by plaintiff of the mortgage now sought to be enforced herein and defendant wholly denies any assumption of said mortgage. . . ." The case was tried on the issues as made by these pleadings. The trial court found for the defendant. Judgment was entered accordingly and the plaintiff perfected this appeal.

The undisputed facts as shown by the record may be stated briefly as follows: In 1918 and thereafter the plaintiff Clark was the president and actively in charge of the First State Bank of Crosby. He at that time owned the two quarter sections of land involved herein. In 1918, through the agency of the bank, he negotiated a loan with an eastern lender and gave as security a first mortgage on one of these quarter sections. In 1919 he did likewise with the other tract. In each instance these loans ran for five years and he executed five so-called commission notes payable to the bank and secured the same by second mortgages on the land. These mortgages were recorded at once upon execution. The notes were indorsed by the bank through Clark acting as its president. No assignments of the mortgages were then executed. In 1923 the bank was closed as insolvent and a receiver was appointed. Prior to the time of the closing of the bank, Clark, individually, had possession of the commission notes and mortgages. His brother was the president of the First National Bank of Kenmare. Clark negotiated a personal loan from the Kenmare bank, and among other collateral security he gave the Kenmare bank the commission notes and mortgages here involved. In 1926, Clark and defendant Henderson were jointly indebted on account of certain notes given to the Agricultural Credit Corporation. The corporation had pressed

them for payment. Clark made a partial payment and arranged with Henderson to pay the remainder. In consideration of Henderson doing so, Clark conveyed to Henderson by warranty deed the land which he had mortgaged as above set forth. The deed recited a consideration of "One dollar and other valuable consideration." It further recited that the tracts thereby conveyed were "free from all encumbrances except those of record which the party of the second part (Henderson) hereby assumes and agrees to pay as a part of the purchase price of the land herein transferred and sold." Henderson accepted these deeds. They were recorded and Henderson went into possession under them. In August, 1924, Clark, purporting to act as president of the First State Bank of Crosby, executed and delivered assignments of the commission mortgages to the First National Bank of Kenmare, the notes secured thereby having been delivered to the Kenmare bank prior thereto. These assignments were not recorded until December 11, 1928. On December 10, 1928, Clark's obligation to it having been discharged, the Kenmare bank reassigned the mortgages to Clark and surrendered the notes and mortgages to him. Thereafter Clark demanded of Henderson the payment of the obligation secured by the mortgages and payment being refused he began foreclosure by advertisement. Henderson enjoined the foreclosures. Thereupon Clark began the instant action.

The defendant's principal contention, and this is the one on which the trial court predicated his order for judgment in defendant's favor, is that notwithstanding the assumption clause in the deed whereby he assumed and agreed to pay all the mortgages of record, he can, nevertheless, show the true consideration and thus establish that in fact the understanding and agreement between the plaintiff and defendant then was that the only mortgages of record defendant assumed and agreed to pay were the first mortgages. This contention cannot be sustained. The rule is that a party to a written contract may show that the consideration therefor is different from that recited in the writing. First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Beiseker v. Svendsgaard, 28 N. D. 366, 149 N. W. 352; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Pattee v. Prall, 45 N. D. 107, 176 N. W. 659. But this rule is simply, that in so far as the writing is a receipt, a statement of a fact, it is subject to modification, explanation, or contradiction. It does not go so far as to abrogate the

rule that a written contract supersedes all oral negotiations or stipula-- tions concerning its matter which preceded or accompanied its execu- tion, embodied in § 5889, Comp. Laws 1913. It is never applied to the extent of permitting a party to show that the agreement was other than that set forth in the writing. If this were permitted the parol evidence rule would be wholly abrogated. No writing would be safe from chal- lenge and defeat by parol. Always by the subterfuge of showing a different consideration from that recited, the party would be able to establish that the agreement was different from that set forth in the written instrument. See Williston, Contr. § 115b. As was said in the case of Howe v. Walker, 4 Gray, 318, quoted with approval by this court in Alsterberg v. Bennett, 14 N. D. 596, 106 N. W. 49: "Nor can you, under the guise of proving by parol the consideration of a written contract, add to or take from the other provisions of the written instrument. This would practically dispense with the statute of frauds and with that sound rule of the common law which finds in the written contract the exclusive and conclusive evidence of the intent and agree- ment of the parties, and will not suffer such written contract to be varied or affected by any contemporaneous parol agreement." See also Komp v. Raymond, 175 N. Y. 102, 67 N. E. 113. "The state- ment in a deed of the consideration for the conveyance thereby made is a reference to a fact, not the statement of a contract. So far as a deed states the terms of the conveyance it is as binding as any other written contract." Farquhar v. Farquhar, 194 Mass. 400, 80 N. E. 654. See also Edison Electric Illuminating Co. v. Gibby Foundry Co. 194 Mass. 258, 80 N. E. 479, and cases cited. The contract by which a grantee assumes the payment of existing encumbrances is separate and distinct from the conveyance. It may be embodied in the deed, it may be by separate writing, or it may rest entirely in parol. Leach v. Nelson, 50 N. D. 538, 196 N. W. 755, and cases cited; Union Cent. L. Ins. Co. v. Alford, 61 N. D. 446, 238 N. W. 646. And where it is embodied in the deed the acceptance of the deed by the grantee makes it a contract in writing binding upon him. Schmucker v. Sibert, 18 Kan. 104, 26 Am. Rep. 765. Accordingly where it is thus evidenced by a contract in writing, as in the instant case, the parol evidence rule applies the same as to any other written instrument.

The defendant further contends that the notes and mortgages here

involved were without consideration and were never in fact delivered to the First State Bank of Crosby; that if they were delivered for a consideration they were discharged and satisfied when they were surrendered to Clark by the bank. It seems to us that it is here immaterial whether there was a consideration for the notes and mortgages in the first instance or whether they were ever delivered to the bank and effective as obligations in its favor against Clark. The fact remains that the notes were indorsed by Clark as president of the bank before its closing in 1923, and that thereafter Clark had and retained them and the mortgages in his possession. Prior to the closing of the Crosby bank he delivered the notes and mortgages securing them over to the First National Bank of Kenmare as collateral. These facts are wholly undisputed in the record. The mortgages in question were record liens against the property conveyed by Clark to Henderson at the time of the conveyance. Whether Clark had ever delivered them and the notes secured by them to the Crosby bank, could make no difference to Henderson. The notes were properly indorsed by the bank and prior to the closing of the bank and prior to the transfer to Henderson, Clark had delivered them over to the Kenmare bank as collateral. So far as the Kenmare bank was concerned, there was a consideration for the transfer of the notes to it by this delivery. As between Clark and the Kenmare bank, Clark was obligated by the notes and the Kenmare bank could have enforced their collection by foreclosure of the mortgages securing them. In any event, since the defendant accepted the deeds with the assumption clauses, he had no right to question Clark's liability on account of the notes and mortgages so assumed. McDonald v. Finseth, 32 N. D. 400, 155 N. W. 863, L.R.A.1916D, 149; see also note in 21 A.L.R. 490.

When Clark conveyed the lands to Henderson the mortgages were of record, apparently valid liens against the lands thus conveyed. The obligations secured by the mortgages were assumed by Henderson as part of the consideration. Upon thus assuming these mortgages Henderson became the principal debtor and Clark the surety. This contract was not merely one to indemnify but also to pay the debt and rendered Henderson personally liable for its payment. See Clark v. Henderson, 58 N. D. 660, 227 N. W. 185, supra; Union Cent. L. Ins. Co. v. Alford, 61 N. D. 446, 238 N. W. 646, supra. If these notes and mortgages

had remained in the Kenmare bank and Henderson had refused to pay them, Clark might have done so and recovered the amount so paid from Henderson. See White v. Schader, 185 Cal. 606, 198 Pac. 19, 21 A.L.R. 499, and note. But Clark also had the right to do as he did—discharge his obligation to the Kenmare bank, take assignments of the mortgages to himself, and bring action to foreclose. See Clark v. Henderson, supra. The fact that the notes were past due at the time that Clark conveyed to Henderson, can make no difference. The effect of the assumption contract was that Henderson should pay and discharge the obligations within a reasonable time thereafter. See note in 21 A.L.R. pp. 513, et seq.

It is true that the assignments of the mortgages to the Kenmare bank were executed by Clark as president of the Crosby bank in 1924 after the bank had been closed as insolvent and while it was in the hands of a receiver. It may be conceded that Clark then had no authority to execute the assignments. Even so, this also is immaterial under the facts as disclosed here. It is clear that Clark had possession of the notes and mortgages prior to the closing of the Crosby bank, and that prior to its closing he delivered them to the Kenmare bank. Though the mortgages were not assigned by the Crosby bank, nevertheless the notes were properly indorsed so as to pass the title to them on delivery. No formal assignments of the mortgages were necessary. When the indorsed notes were delivered to the Kenmare bank they carried with them their security. See Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261; Thompson v. State Bank, 58 N. D. 236, 225 N. W. 788. And likewise when they were re-delivered by the Kenmare bank to Clark.

It follows that the judgment of the district court must be reversed and judgment in favor of the plaintiff for the foreclosure of the mortgages be entered. The case will therefore be remanded to the district court with directions that judgment be entered in accordance with this opinion.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.

(On Rehearing.)

ENGLERT, Dist. J. A rehearing was granted in this case. Ad-

ditional briefs were filed, and the whole case was reargued. It is the claim of the defendant that, under the assumption clause contained in the deed, he may show, by parol testimony: First, that he did not assume and agree to pay the mortgages in question. Second, that there was no consideration for the mortgages; and, third, the case being one of principal and surety, that plaintiff can recover from defendant no more than he actually paid. If he paid nothing, he can recover nothing.

All these points were considered and disposed of adversely to the contention of the defendant in the main opinion. But since the matter has been so extensively and so earnestly presented on rehearing, we have re-examined the whole case, and while, as a result of such investigation, we are convinced that the main opinion is correct and must be adhered to, we will briefly set forth our reasons therefor.

The defendant assumed and agreed to pay the mortgages in question, by the following provision contained in the deed: ". . . free from all encumbrances except those of record which the party of the second part hereby assumes and agrees to pay as a part of the purchase price of the land herein transferred and sold."

In order to get at the root of the controversy here, we should first understand whether this assumption agreement is a contract to pay or a contract of indemnity. If the contract is one of indemnity only, then there would be merit in defendant's contention.

By this contract, the defendant assumed and agreed to pay the debt. While under such provisions the courts often say that the grantee becomes the principal debtor, and the grantor the surety, for the payment of the debt, it is more than a contract of indemnity. It becomes his personal obligation and contract to pay.

As said in Locke v. Homer, 131 Mass. 93, 41 Am. Rep. 199: "The object of such an agreement may, in a general way, be said to be to indemnify or protect the grantor against the debt for which he is previously liable. But the manner in which this is to be done is fixed by the terms of the agreement. It is not merely to reimburse him for such damages as he may suffer by being compelled to pay the debt, but it is an agreement by the grantee that he will assume the debt as his own, and that the grantor shall not be called upon to pay it, or be put to any molestation or inconvenience by reason thereof."

In Perry v. Ward, 82 Vt. 1, 71 Atl. 721, the court said: "As the

defendants agreed to pay, they were bound to do more than to indemnify and save harmless. They were bound to pay."

So, in Morlan v. Loch, 95 Kan. 716, 149 Pac. 431, it is said: "The defendant has not done the thing he contracted to do. He contracted to pay. He did not contract to indemnify, nor to save harmless. The contract can be performed in but one way. That is by payment. When he fails to pay, does the plaintiff, without first paying the debt, have a right of action against him? The plaintiff's paying the debt was not a condition, or a part of the contract. The plaintiff may be unable to pay the debt until the money has been collected by her from the defendant. The payment of this debt may save the plaintiff from insolvency. In the ordinary case of principal and surety, the surety parts with nothing until he pays the debt for which he bound himself. Here the plaintiff parted with the land which the defendant received. We must conclude that the plaintiff has a right of action for the non-performance of the contract, without having first paid the mortgage debt or the judgment rendered thereon. This is in harmony with the great weight of authority."

Likewise, the court, in Callender v. Edmison, 8 S. D. 81, 65 N. W. 425, said: "There being a well-settled distinction between an agreement to indemnify and an agreement to pay, an action upon a breach of covenant to pay to a third party, at a specified time, a stipulated amount of money, and to cause certain real property to be released from the lien of a mortgage given by the plaintiff to secure the payment thereof, is maintainable by the promisee against the promisor, although the former has neither paid the money nor sustained actual injury by reason of the failure on the part of the latter to perform his contract."

So, in Gregory v. Hartley, 6 Neb. 356, the court said: "The rule of law will not be questioned that when a purchaser of real estate agrees to assume and pay certain outstanding indebtedness against the vendor, and save him harmless from the same, if he fail to do so, it is not necessary, in order to give the vendor a right of action against him, that he should himself have first paid the debt which the purchaser assumed and agreed to pay."

By the provision contained in the deed, the defendant assumed and agreed to pay the mortgages. It is not an agreement to indemnify the grantor.

With respect to the contention that the defendant had a right to show by parol testimony, that he did not agree to assume the mortgages in question, though they were of record at the time, the court, in Hott v. McDonough, 3 Ohio C. C. 177, 2 Ohio C. D. 100, said: "The difficulty in this case arises from a misconception of the effect of the evidence objected to. . It seems to have been regarded by the defendant as affecting only the consideration of the conveyance, and to disprove a breach of the covenants; whereas it is clear that it went farther in its effect, and, as we have already said, operated to abridge and limit the express terms of the deed."

In the case of Smith v. Taylor, 82 Cal. 533, 23 Pac. 217, the court held that under a written contract for the sale of land in which the purchaser agreed to assume. a certain mortgage, parol evidence was not admissible, as between the parties to the contract, to show that there was a parol understanding or agreement between them as to how, when, and by whom the other encumbrances were to be paid. When the parties reduced their agreement to writing, the writing superseded all other understandings or agreements between them on that subject.

Likewise, in Muhlig v. Fiske, 131 Mass. 110, in an action by the grantor against the grantee, it was held that the grantee, having accepted a deed of conveyance with a clause assuming the mortgage upon the premises, cannot, in the absence of a suggestion of fraud in the execution or delivery of the deed, impair the legal effect of his own act, by parol evidence showing that he had never agreed to assume to pay the mortgage, nor had he authorized or known of the insertion of such an agreement in the deed.

So, in Weiss v. Clamitz, 203 Ill. App. 246, the court held that where the contract provided that the land should be subject to the specific encumbrance, payable at specified times, parol evidence of an agreement to change the terms of the contract so as to permit an encumbrance clearly different from the one originally provided for, is not admissible.

As already shown, in an action by a grantor against his grantee, on his assumption of and agreement to pay a mortgage debt on the premises conveyed, which he has failed to pay, he may recover the amount of the mortgage debt, although no part thereof has been paid by the grantor. Upon this subject, the court, in Burbank v. Roots, 4 Colo.

App. 197, 35 Pac. 275, said: "A recital in a deed that the property conveyed is subject to a mortgage which forms a part of the consideration, and stops there, creates no personal liability on the part of the grantee, and the grantor and mortgagee can only look to the property.
. . . But when the recital or exception is, 'which mortgage the grantee assumes, or assumes and agrees to pay,' or the conveyance is made 'subject to the payment of an outstanding mortgage,' the case is different. The assumption of the mortgage makes such sum a part of the purchase money; so much of the consideration as is necessary to pay the mortgage is taken from the consideration, and appropriated to the payment of the mortgage. It was not the taking of the property subject to the mortgage, but an agreement to pay the debt as contracted by the grantor."

So, in Baldwin v. Emery, 89 Me. 496, 36 Atl. 994, the court said: "The plaintiff has not paid the full mortgage debt, but this makes no difference. The defendant agreed to pay it, and the law implies a promise that he shall pay it either to the plaintiff or to the mortgagee."

In Stitcher v. Cox, 52 Neb. 532, 72 N. W. 848, the court said: "Had the contract entered into by Yeazel been to indemnify the grantor merely, then the latter must have shown damages to entitle him to recover. But such was not the undertaking of Yeazel. He promised to pay the mortgage debt, and it was not necessary for Stitcher to prove damages to entitle him to recover, and the measure of damages is the amount agreed to be paid. Yeazel, by not paying off the mortgage, has broken his contract; and, to the amount of the mortgage debt, the grantor has not received the stipulated consideration for the land. He is entitled to recover the same himself, by reason of the failure of the grantee to perform his promise. The doctrine that, by virtue of the clause in the deed whereby Yeazel assumed the mortgage to Wilson, a right of action accrued in favor of the grantor, and against Yeazel, for the amount unpaid on the mortgage debt at its maturity, although the grantor had not himself paid any part of the debt which Yeazel assumed and agreed to pay, is abundantly sustained by the authorities."

Also, by the great weight of authority, a purchaser who, by the terms of a conveyance of land to him, expressly assumes the payment of a mortgage on the property conveyed, is estopped from questioning

the validity of the mortgage. Skinner v. Reynick, 10 Neb. 323, 6 N. W. 369, 35 Am. Rep. 479; Moore v. Boise Land & O. Co. 31 Idaho, 390, 173 Pac. 117; Gowans v. Pierce, 57 Kan. 180, 45 Pac. 586; Midland Sav. & L. Co. v. Neighbor, 54 Okla. 626, 154 Pac. 506; Ostran v. Bond, 69 Okla. 310, 172 Pac. 447; Parkinson v. Sherman, 74 N. Y. 88, 30 Am. Rep. 268; Curry v. Lafon, 133 Mo. App. 163, 113 S. W. 246; Santa Cruz v. Wykes (C. C. A. 9th) 202 Fed. 357.

In the case of Parkinson v. Sherman, 74 N. Y. 88, 30 Am. Rep. 268, supra, the court said: "The question then arises whether the portion of the defendant's answer which was stricken out presents any defense to the plaintiff's action. The rights of the defendant under such a state of facts are, we think, well settled by judicial adjudications. It is held that where a grantee of mortgaged premises takes a deed of the same subject to the mortgage, and thereby assumes to pay the mortgage, he is estopped from contesting the consideration and validity of the mortgage."

By the assumption provision in the deed, the defendant not only assumed, but agreed to pay the mortgages of record, and they were regarded by the clause as a part of the purchase price. Under such provisions contained in the deed, the grantee is estopped from questioning the validity of the mortgages and notes secured thereby, even though they were void as between the mortgagor and mortgagee, as being against public policy. Upon this subject, in Curry v. Lafon, 133 Mo. App. 163, 113 S. W. 246, supra, the court said:

"Defendant insists, however, that if the note was void as against public policy, then there was no debt to be assumed by the grantee. It is unnecessary to consider this proposition further than to say that, under all of the authorities, he is estopped from disputing the covenant in his deed recognizing the debt as valid and assuming its payment. Although the notes in the first instance were invalid on the grounds of public policy referred to—and this question it is not necessary to decide—the defense is precluded by estoppel. There was certainly a valid consideration for the covenant contained in the deed, by which the defendant received title to Curry's interest in the equity of redemption; and, although the note was void in the first instance, it would operate as a sufficient memoranda to show the amount and character of indebtedness which was assumed by a valid obligation contained in

the deed. Be this as it may, the defendant is estopped, at all hazards, from asserting that the note was originally invalid."

We therefore adhere to the former opinion.

BURKE, J., did not participate; Hon. M. J. ENGLERT, Judge of the First Judicial District sitting in his stead.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BIRDZELL, JJ., concur.