[File No. 6375.]

JOHANNA D. JENSEN, Appellant, v. HARRY E. SIEGFRIED, Respondent.

(263 N. W. 715.)

Opinion filed December 7, 1935.

*Harry A. Weaver* and *Claire F. Brickner,* for appellant.

No appearance for the respondent.

Burr, J.   The plaintiff alleges the breach of a certain contract, known as Exhibit B., and executed October 1, 1924.

This paragraph is the crux of the controversy: "For valuable consideration to and from both parties, said Harry E. Siegfried agrees to take over three mortgages now existing against the hereinafter described real property and agrees to convert the same into one mortgage, the principal sum of which shall be the amount due on the said three mortgages at the date of this agreement, with interest at seven per cent (7%) per annum until fully paid, said mortgage to run for a term of ten (10) years from October 1, 1924, to October 1, 1934, said principal and interest to be payable on or before the date that payments thereunder are due."

Then follows a description of the mortgages to be merged, a description of the property affected, certain agreements on the part of the plaintiff with the defendant relative to the clearing of other liens, paying insurance, and the method of payment of the new mortgage.

This contract was entered into after somewhat protracted negotiations, and there is no allegation of fraud or deceit in the matter of obtaining the signature of the plaintiff.

The first mortgage was held by the Fargo Building & Loan Association, of Fargo, North Dakota, as security for a loan of $15,000.00.   To

obtain said loan the mortgagor purchased 300 shares of stock in the Building & Loan Association, which stock was charged with a membership fee of $1.25 per share.

The gist of the complaint is that when Exhibit B. was executed by the parties, the defendant "promised and agreed to indemnify the plaintiff and save her harmless from paying such a membership fee in said Association in the sum of $375.00 and to account to her for the amount of said membership fee at the time said three mortgages were converted into one mortgage; and the plaintiff, in consideration of defendant's promise to indemnify her and save her harmless from paying said membership fee and to account to her for the amount thereof when he converted said three mortgages into one mortgage, and relying on defendant's promise, entered into an agreement in writing with the defendant whereby he was to convert said mortgages into one mortgage."

It will be noted that such agreement is not set forth in Exhibit B.— the contract said to have been breached. The mortgages were not merged nor a new one taken; neither were these other liens cleared until after the commencement of this action in August, 1934.

The jury returned a verdict for the plaintiff for $375.00, and upon appropriate motion for judgment notwithstanding the verdict or for a new trial, the court ordered judgment in favor of the defendant. From such judgment so entered the plaintiff appeals.

The theory of the plaintiff is set forth in her statement of the "nature of appeal" as follows: "This action is based upon a written contract. As a part of the consideration for this contract defendant agreed to pay and save the plaintiff harmless from the payment of the sum of $375.00 withdrawal fees to the Loan Association. This, defendant failed to do, to the damage of the plaintiff in the sum of $375.00."

During the trial the court permitted the plaintiff to show this oral agreement in explanation of the consideration. If this action be correct, there was sufficient testimony on this point to take the matter to the jury. Waiving the question of whether, under such an agreement, the defendant in any event would be liable before the plaintiff was required to pay the fee or before the mortgages were merged, it is clear that if there was an issue of fact for the jury, a motion for judg-

ment notwithstanding the verdict would not be sustained. See Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299; First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044.

The plaintiff's case is grounded upon the claim that this agreement to indemnify the plaintiff and to hold her harmless from the payment of the membership fee was part of the consideration for the contract, and therefore parol evidence is admissible to show the true consideration.

Upon reflection the trial court was of the opinion that this attempt on the part of the plaintiff was not within the rule permitting the showing of the true consideration; but was in effect a variation of the terms of a written instrument. This view of the trial court is correct. The execution of a contract in writing supersedes all the oral stipulations concerning its matter, which preceded or accompanied the execution of the instrument. Comp. Laws, § 5889. It is true that a party to a written contract may show that the consideration therefor is different from that recited in the writing. First State Bank v. Kelly, supra; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592. But while the rule is that when a contract says "for valuable consideration to and from both parties," the plaintiff will be permitted to show what this valuable consideration is, yet, as pointed out in Clark v. Henderson, 62 N. D. 503, 509, 244 N. W. 314, 84 A.L.R. 347, this rule "is never applied to the extent of permitting a party to show that the agreement was other than that set forth in the writing." "It is not permissible, under the guise of proving the true consideration, to establish as a cause of action an oral agreement . . . which violates the rule embodied in § 3888, Rev. Codes, 1899." (5889 Comp Laws.) Alsterberg v. Bennett, 14 N. D. 596, 106 N. W. 49; Allgood v. National L. Ins. Co. 61 N. D. 763, 240 N. W. 874.

To show that "$1.00 in hand paid," or other statement of the consideration, not inconsistent with the subject matter of the contract, is not an accurate statement may be permissible; but when it is attempted to show something that is inconsistent with the contract itself, then a different rule applies. Permitting an explanation of the consideration is one thing; permitting the plaintiff to show a variation of the contractual obligations of the defendant as set forth in Exhibit B. is an

entirely different thing. This parol agreement, if executed at all, was made between the parties to the contract; it related to the subject matter embraced in the contract; it purports to be part of what was required of the defendant and as such is a part which they failed to incorporate in the contract as a part thereof.

In Schultz v. Plankinton Bank, 141 Ill. 116, 30 N. E. 346, 348, 33 Am. St. Rep. 290, one party claimed: "the parol agreement was the consideration for the mortgage, and under the general rule which admits parol evidence to explain the consideration in a deed or show a different consideration from the one expressed, this evidence may be admitted."

However, the court said: "It is a well-understood rule that parol evidence may be given to explain a receipt, and upon the same principle the acknowledgment of the receipt of a certain consideration expressed in a deed may be changed or varied by parol evidence, but that doctrine has no application to the question involved here. The consideration named in the mortgage was not in dispute. Whether it was one sum or another had no special bearing on the case. The offered evidence had no bearing on the consideration of the mortgage. Its object and only purpose was to change the terms of the mortgage in regard to the payment of the notes described in the mortgage, and as such it was not admissible on the pretense that it had a bearing on the consideration named in the mortgage."

The case cited dealt with an alleged parol agreement whereby notes set forth in a chattel mortgage were to be paid in a certain order; but the reasoning is applicable here. See also Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L.R.A.(N.S.) 492; Farm & Home Sav. & L. Asso. v. Landau (Tex. Civ. App.) 48 S. W. (2d) 777.

The plaintiff claims the defendant agreed to do certain things. The agreement was reduced to writing, and what was required of the defendant is set forth in that portion of the contract quoted. Plaintiff now claims that in addition to the obligations stated in the written contract the defendant had a further obligation . . . to indemnify her and save her harmless from the payment of the membership fee. Clearly this is adding to the written contract a clause which changes its terms and increases his obligation. It is, therefore, a variation of the terms of a written instrument and is not permissible. This being

the gist of the complaint, it is clear the plaintiff is not entitled to judgment no matter what was the verdict of the jury on the disputed issues. The contract sued upon does not include such condition, and therefore the defendant was entitled to judgment. The judgment of the lower court is affirmed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.